## DOUGLASS v. MATTING.

**Promissory note :** LATENT INFIRMITIES : FRAUD. Where a person is induced to sign a promissory note under the belief, and by means of the false and fraudulent representation of the person obtaining it, that it is simply a contract in respect to a matter pending between them, he will not be protected by, and cannot imterpose, the matters as a defense against a *bona fide* holder of the note, to whom it was negotiated before due.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, AUGUST 31.

ACTION by an indorsee upon a promissory note. A count is the answer sets up a defense in the following words :

" And this defendant, for a further answer to the petition of the plaintiff, says, that on or about the date of the alleged execution of the said alleged promissory note, as set forth in said petition, a stranger called on this defendant, representing that he, the said stranger, was, the agent of one O. M. Pond, and, as such agent, was appointing other agents and establishing agencies, for and in behalf of the said O. M. Pond, for the sale of a certain patent seeder and cultivator, which he, the said stranger, alleged was of great value and meeting with ready sale, and that a great amount of money could be made by accepting the appomtment as such agent ; and that as the agent of said Pond, he was desirous of obtaining the consent of this defendant to act as agent in and for the sale of said machines ; that no money or other pecuniary or valuable thing was or would be required ; and that all that would be necessary for this defendant to do in the premises would be to sign a contract, in duplicate one of which was to be signed and kept by this defendant, and the

Douglass v. Matting.

other by the said stranger, as the agent for the said Pond; said contract being nothing more than a statement that he, this defendant, agreed to act as the agent of the said Pond in the sale of said machines, and agreed to pay over the profits on the first four sold as a consideration for the appointment of such agent; and that he then and there agreed to sign such a contract, and no other; and if he signed the note sued on, he signed the same believing and relying upon the representations of the said stranger that the same was nothing but a contract of the character as above stated, and not knowing that the same was a promissory note. Wherefore this defendant says that he never signed and executed the said note sued upon."

The answer contains no averment that the defense, above stated, was known to the plaintiff when the note was indorsed to him. To the foregoing count of the answer the plaintiff demurred. The demurrer was overruled, and, plaintiff standing upon his demurrer, judgment was rendered for defendant, from which plaintiff appeals to this court.

*Sankey & Howard* for the appellant.

*Winslow & Wilson* for the appellee.

BECK, J. — It will be observed that the answer substantially admits the execution of the note, but, as a defense, alleged that defendant's signature was obtained thereto by fraudulent misrepresentations of the agent of the payee; that defendant, relying upon the representations of the agent, to the effect that the paper was a contract of the character described, signed his name thereto. Of these facts it is not averred that plaintiff had notice when the note was indorsed to him. We are required to determine whether the answer presents a sufficient defense. It is conceded, that if the transaction of the

Douglass v. Matting.

agent of the payee in procuring the signature of defendant amounted to less than a forgery, the defense is not sufficient, as against a *bona fide* holder, receiving it for value before due. Plaintiff must be regarded as such a holder under the pleadings. We must determine, then, whether the note, according to the averments of the answer, is in law a forgery. In our opinion, upon principle, it is not. The defendant intrusted the one with whom he was dealing with the preparation of the instrument. The instrument as prepared was not what defendant had agreed to sign, but was voluntarily executed by him. The act of the agent was a fraud whereby defendant was induced to make the note, and not the false making of it, which is necessary to constitute forgery. There are authorities that hold differently, but this view appears to us in accord with principle and required by the wants of the commerce of the country, which deals so extensively in negotiable paper. Neither is it unsupported by authorities. See *Putnam* v. *Sullivan*, 4 Mass. 45 ; *Commonwealth* v. *Sankey*, 10 Har. (Pa.) 390.

As between the *bona fide* holder, receiving the paper before due for value, and the maker, the equities are all on the side of the first. The maker puts his genuine signature to a note appearing upon its face fair and regular. In the regular course of business it comes into the hands of an innocent party, who has paid a valuable consideration for it and has no notice of any infirmities or defenses attaching to the paper. Now it would be manifestly unjust to permit the maker, while admitting the genuineness of his signature, to defeat the note, on the ground that, through his own culpable carelessness while dealing with a stranger, he signed the instrument without reading it or attempting to ascertain its true contents. The law will favor, as between the holder and maker in such a case, the more innocent and diligent. The maker had

it in his power to protect himself from the fraud, but failed to do so. When the consequences of his act are about to be visited upon him, he seeks to make another bear it, on the ground that he was defrauded through his own gross negligence. He can certainly claim protection neither on the ground of his innocence or diligence.

The rule contended for by appellee would tend to destroy all confidence in commercial paper. It is better that defendant, and others who so carelessly affix their names to paper, the contents of which are unknown to them, should suffer from the fraud which their recklessness invites, than that the character of commercial paper should be impaired, and the business of the country thus interfered with and unsettled.

In our opinion the demurrer of plaintiff to answer should have been sustained.

Reversed.