# Watts *v.* Burnett.

*Bill in Equity by Wife to enjoin Sale of Homestead under Mortgage ; Cross Bill for Foreclosure of Mortgage.*

1. *Homestead exemption ; governed by what law.*—The right to a homestead exemption, as against a mortgage executed by husband and wife, must be determined by the law which was of force when the mortgage was given ; and the mortgage being dated January 21st, 1870, the question must be governed by the constitution of 1868.

2. *Same ; where homestead exceeds $2,000 in value.*—Under the constitution of 1868, a homestead exemption could not be claimed in a house and lot in a city, which exceeded $2,000 in value, and which was not susceptible of division so as to carve out a homestead, including the dwelling, not exceeding that value.

3. *Dismissal of bill without prejudice.*—When this court, reversing the decree of the chancellor, dismisses a bill, on a point which was not mooted in the court below, and which has been decided by this court since the chancellor's decree was rendered, the dismissal will, ordinarily, be without prejudice.

4. *When mortgagee is bona fide purchaser for valuable consideration.*—When a mortgage is given to secure a loan contemporaneously made, or made on the faith of an agreement and promise that it should be given, the mortgagee is a *bona fide* purchaser for valuable consideration, and entitled to protection

VOL. LVI.

against latent equities of which he had no notice ; and a release by him of a portion of the mortgaged property, before he had notice of a latent equity on the other portion, does not affect his right to protection against such latent equity.

5. *Equitable relief against fraud.*—Courts of equity lend a reluctant ear to the complaints of parties who, through alleged fraud and deceit, have been induced to execute important conveyances in ignorance of their contents, when they made no inquiry, and sought no information as to the contents of such conveyances.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. H. AUSTILL.

The original bill in this cause was filed on the 21st October, 1875, by Mrs. Anne L. Burnett, the wife of Thomas J. Burnett, who sued by her next friend, against Mrs. Mary P. Watts and said Thomas J. Burnett; and sought to enjoin and restrain Mrs. Watts from selling, under a power of sale contained in a mortgage executed to her by said Thomas J. Burnett and his wife, a certain house and lot in Greenville, which was the residence of said mortgagors, and which the complainant claimed as a homestead under the constitution and laws of Alabama. The mortgage was dated the 21st January, 1870; was given to secure the payment of a promissory note for $2,260 in gold, executed by said Thomas J. Burnett for money borrowed by him from Mrs. Watts; conveyed, in addition to said house and lot, another lot in Greenville on which a store-house was erected, and a tract of land in said county containing about two hundred and forty acres, and contained a power of sale on default being made in the payment of the secured note. The bill alleged, and the answer admitted, that the money was borrowed and the note executed on said 21st January, 1870, the date of the mortgage; but in the mortgage itself, as copied in the transcript, being made an exhibit to the bill, the note is described as dated the 21st January, 1869, and payable on the 1st January, 1870. The bill alleged, as grounds of relief against the mortgage, that the complainant signed it in ignorance of the fact that it conveyed the homestead, and therefore never voluntarily assented to it; that she had always declared her determination not to sell or mortgage the homestead, and this fact was well known to her husband; that he had never before deceived her, and she had implicit confidence in him; and that he practiced a fraud on her, in inducing her to sign the mortgage, without informing her that it conveyed the homestead. It alleged, also, that the other property conveyed by the mortgage was of value more than sufficient to discharge the mortgage debt, and had been released from the mortgage by Mrs. Watts; and that "the cash value of said dwelling house

and lot does not exceed $2,000, and the annual rental value
is $150."

A decree *pro confesso* was taken against Thomas J. Burnett.
An answer was filed by Mrs. Watts, denying any notice on
her part of the equity asserted by the bill, asserting the valid-
ity and *bona fides* of her mortgage, and claiming the protec-
tion accorded in equity to an innocent purchaser; and she
prayed that her answer might be taken as a cross bill, and
that her mortgage might be foreclosed. The opinion of this
court renders it unnecessary to state the evidence, or the
several points presented by the pleadings in the court below.
On final hearing, on pleadings and proof, the chancellor held
that the complainant had not given her voluntary assent to
the mortgage, so far as the homestead was concerned, and
that the mortgage of the homestead " is void to the extent of
$2,000;" and he therefore referred it to the register "to
ascertain, and report at the next term, the value of the home-
stead described in the pleadings." The chancellor's decree
is now assigned as error.

WATTS & SONS, with whom were GAMBLE & BOLLING, for
appellant.—The decree must be reversed, under the late
decisions of this court (*Miller v. Marx*, and *Weber v. Short*,
at the present term), because it is not averred or proved that,
at the date of the mortgage, the homestead was worth not
more than $2,000, nor that it was susceptible of division.
But the decree is erroneous, also, in holding that the com-
plainant had not voluntarily assented to it. If she was deceived,
or misled by the confidence she reposed in her husband, she
can not visit the consequences on an innocent mortgagee,
who lent her money in good faith, and had no agency in the
husband's misconduct, nor any notice of it. A person can
not allege fraud in the execution of a conveyance, because he
was ignorant of its contents when he signed it, unless he
used all proper means of obtaining information.—*Michael v.
Michael*, 4 Ired. Eq. 349; *Douglas v. Matting*, 29 Iowa, 498,
and note to case in 4 Amer. Rep. 240; *Chapman v. Rose*,
56 N. Y. 137; *Nason v. Waring*, 15 Beavan, 151; Kerr on
Fraud and Mistake, 242.

2. A mortgagee may release a part of the mortgaged prop-
erty, without affecting his right to the remainder, except as
against a surety on the debt, or a *bona fide* purchaser from
the mortgagor.—*Acker v. Bender*, 33 Ala. 230; *Holman's
Heirs v. Bank of Norfolk*, 12 Ala. 369; 8 Paige, 277; 1 Hil-
liard on Mortgages, 367–69, and notes.

HERBERT & BUELL, *contra.*—1. As to the execution of the

mortgage, this case is distinguished from those cited by appellant, because it was never acknowledged at all. There can not be a voluntary assent to a thing of which one is ignorant. The objection as to the value of the homestead, here urged, was not raised before the chancellor; and if the objection is sustained, the dismissal should be without prejudice.

2. If the other mortgaged lands had not been released by Mrs. Watts, the complainant could certainly have compelled her to sell them in exoneration of the homestead. Having ratified the release made by her agent, *post litem motam*, she can not claim any advantage from her own wrongful act.

STONE, J.—The homestead claimed in the present case is in the city of Greenville. The right must be tested as of January 21st, 1870, the date of the mortgage against which the claim is set up. The constitution of 1868 controls the question of the validity of the mortgage. Under that constitution, the residence of Mr. and Mrs. Burnett, being in a city, is not exempt as a homestead, unless it was, at the time of the mortgage, of value not exceeding two thousand dollars, or unless it was susceptible of division, so as to carve out a homestead, including the dwelling, not exceeding two thousand dollars in value.—*Miller v. Marx*, at present term.

The principle stated above is decisive of the case made by the present bill; for there is no averment as to the value of the homestead at the date of the mortgage, or as to its susceptibility of division. The proof shows that it was worth more than two thousand dollars at the time the mortgage bears date. The bill, then, fails to make a case for equitable relief, and should have been dismissed on that ground.

The point stated above was not mooted in the court below. That principle was not asserted by this court, until after the decree in the present cause was pronounced. Hence, if we found no other cause for which to reverse the decision of the chancellor, we would feel it our duty to dismiss the bill without prejudice.

The loan of money in this case was contemporaneous with the execution of the mortgage, or, at all events, the loan was made on the agreement that the mortgage security should be executed, and the mortgage was executed pursuant to such agreement. The note and mortgage bear the same date. This constituted Mrs. Watts a *bona fide* purchaser.—*Wells v. Morrow*, 38 Ala. 129; 2 Lead. Cases in Equity, 83 to 108. Conceding to Mrs. Burnett all the equity and rights she claims, hers was but a latent equity, which must yield to the paramount rights of a *bona fide* purchaser without notice.

[Watts v. Burnett.]

Mrs. Watts testified, that she had no notice of the alleged deception practiced on Mrs. Burnett, until the filing of the bill, October 21st, 1875. We do not think this testimony of hers is overturned.—See authorities *supra;* also, *Baldwin v. Snowden,* 11 Ohio St. 203; *Douglas v. Matting,* 29 Iowa, 498; *S. C.,* 4 Amer. Rep. 238, and note; *Chapman v. Rose,* 56 N. Y. 137. If the fact that Mrs. Watts ratified the release of other property from the mortgage be supposed to exert any influence on her position as a *bona fide* purchaser, it is a sufficient answer, that such ratification was given at a time when the proof fails to show she had notice of the alleged deceit practiced on Mrs. Burnett.

Without intending to decide the question in this case, we may be pardoned for adding, that courts lend a reluctant ear to the complaints of parties, that they have, by deceit, been induced to execute important conveyances, which they did not intend to execute, when the averments and proof, as it is conceded in this case, show that they made no inquiry, and sought no information as to the contents. The law subserves the vigilant, not the blindly confiding.—*Michael v. Michael,* 4 Ired. Eq. 349; *Hartley v. Frash,* 6 Tex. 208.; Kerr on Fraud and Mistake, 382–3; *Baldwin v. Snowden, supra; Douglas v. Matting, supra*

The cross bill is fully sustained by the testimony, and the complainant therein is entitled to the relief she prays; and this court, proceeding to render the decree which the Chancery Court should have rendered, doth hereby order and decree, that the complainant in the original bill is not entitled to relief, and her next friend will be taxed with the costs thereof in this court, and in the court below. It is further ordered, that the complainant in the cross bill is entitled to the relief she prays, and to have the mortgaged premises decreed to be sold in payment of the debt secured by the mortgage. It is referred to the register to ascertain and report to the Chancery Court the amount due complainant in the cross bill, with interest thereon, the same being a gold debt; and he is authorized to re-examine any witnesses, or take further testimony, if necessary. All other questions are reserved for decision by the chancellor.

Decree of the Chancery Court reversed, and here rendered, at the costs of appellee's next friend, in this court and in the court below.