# Burroughs *v.* Pacific Guano Co.

### *Action on Note for Commercial Fertilizer.*

1. *Signing written instrument without reading it ; fraud as defense against.*—When a person signs a written instrument without reading it, or, if he can not read, without asking to have it read to him, he can not avoid the legal effect of his signature by setting up his ignorance of the contents, unless some fraud, deceit, or misrepresentation was practiced on him ; but, where his signature was procured by fraud or misrepresentation, the instrument not being commercial paper, it will be held void, notwithstanding his failure to read or have it read before signing it.

2. *Failure of purchaser to make examination.*—As a general rule, the failure of the purchaser to make a proper examination of the article he is buying, whereby the defects open to ordinary observation would be discovered, leaves him remediless on account of such defects ; but this rule does not apply where his failure to make such examination is caused by a fraudulent representation on the part of the vendor, on which he relies.

3. *Estoppel in case of fraud.*—When a person's signature to a written instrument is procured by fraud, he is not estopped by its recitals.

APPEAL from the Circuit Court of Tuscaloosa.

Tried before the Hon. S. H. SPROTT.

This was an action by the appellee, the Pacific Guano Company, against the appellant, James B. Burroughs, on a note given by him to appellee for $94.50, in payment for fourteen sacks of Soluble Pacific Guano. The note contained the following provision: "The undersigned, having been for years acquainted with the agricultural value of

said fertilizer, purchases same upon his own judgment, and without warranty of vendor, and with all faults at purchaser's risk, the seller making no representations as to value, except as indicated by the minimum analysis branded on each sack." Among other pleas, the defendant filed the following: "4. Defendant says, that the instrument upon which the action is founded was given for fourteen (14) sacks of a commercial fertilizer, manufactured by the plaintiffs, and generally known as Soluble Pacific Guano, sold by plaintiffs to defendant; and defendant says that, pending the negotiation for the sale, and before the execution of the said instrument, plaintiff represented to defendant that the said fertilizer was fresh from its manufactory and perfectly dry, and defendant avers that said representations were material and were relied upon by defendant, and that in reliance upon them he was induced to enter into the contract without seeing the said fertilizer; and defendant avers that said representations were false, and that the said fertilizer was wholly worthless, to the damage of the defendant in the sum of two hundred dollars."

To this plea the plaintiffs filed the following replication: "1. The plaintiffs, for replication to the said fourth plea of defendant, say that the defendant is *estopped* from setting up and pleading the matters therein contained, because they say, that at the time of the said purchase, for which said note was given, the defendant made a statement in writing to the plaintiff, embodied in and a part of said note, as follows:" (here is set forth the above provisions of the note), "wherefore the plaintiffs say this they are ready to verify, and that said statement was duly signed by the defendant."

The defendant demurred to this replication, on the ground that "the said replication seeks to set up as an *estoppel* defendant's written instrument or contract, which the said plea asserts to be invalid and void as against defendant, because the execution of the same was obtained by false and fraudulent representations of material facts, upon which defendant relied."

The court overruled this demurrer.

The defendant also filed the following plea:

7. "Defendant saith, that he was induced to execute the instrument which is the foundation of this action, by a *misrepresentation* of its nature and contents made by plaintiffs to defendant; and defendant avers that said misrepresentations were material and were relied upon by defendant, and he makes oath that this plea is true."

The plaintiffs filed the same replication to this plea as that above set forth, to plea numbered 4, and defendant

[Burroughs v. Pacific Guano Co.]

demurred thereto, on the same ground as that above set forth to said replication, and the court overruled the demurrer.

There was evidence on the part of the defendant, tending to prove the averments of said pleas, and there was evidence to the contrary on the part of the plaintiffs, and the evidence also tended to show that defendant had an opportunity to read the note before signing it, and could have seen the guano at the time of the sale; and there was a conflict of testimony as to whether it could have been discovered by an external examination, whether the guano was wet or dry at the time of the sale.

The court, in the general charge, instructed the jury, "that if the defendant had an opportunity to read the note, upon which the suit was founded, before its execution, and failed to do so, that he was *estopped* from setting up, in avoidance of its obligation, any misrepresentations the plaintiff might have made, if he made any, as to its nature and contents." To this portion of the charge, the defendant excepted.

The court further instructed the jury, in the general charge, "that if the defendant had an opportunity to examine the guano for which the note was given, before its delivery to him, and failed to do so, he was *estopped* from setting up, as a defense in this action, any misrepresentations the plaintiff made, if he made such, as to the freshness and dryness of the guano." The defendant excepted to this instruction.

The overruling defendant's demurrers to the replications of plaintiffs, and the giving the above charges, are assigned as error.

HARGROVE & VANDEGRAFF, for appellant, cited *Perry v. Johnson*, 59 Ala. 653; *Munroe v. Pritchett*, 16 *Ib.* 785; *Atwood v. Wright*, 29 *Ib.* 346; *Nelson v. Wood*, 62 *Ib.* 175; *Thweatt v. McLeod*, 56 *Ib.* 377; *Bridges v. McLendon*, *Ib.* 334; *Cozzens v. Whittaker*, 3 Stew. & Por. 322; *Dixon v. Barclay*, 22 Ala. 370; *Blackman v. Johnson*, 35 *Ib.* 252; *Whitehead v. Lane*, 72 *Ib.* 39; *Tabor v. Peters*, 74 *Ib.* 90; *Foster v. Johnson*, 70 *Ib.* 251; *Davis v. Snider*, *Ib.* 317; *Johnson v. Cook*, 73 *Ib.* 537; *Paysant v. Ware*, 1 *Ib.* 160; *Ross v. Drinhard*, 35 *Ib.* 434; *Griffith v. Kellogg*, 39 Wis.; *Foster v. McKinnon*, 38 L. J. Rep. 310; *Cole v. Williams*, 12 Neb. 440.

WOOD & WOOD, *contra.*—"The misrepresentation must be of a material fact, on which the purchaser *has a right to rely.* It must not be in respect to mere matter of opinion, or belief, or a matter *apparent to the observation of the pur-*

17

*chaser, if he exercised ordinary prudence.—Sledge v. Scott,* 56 Ala. 202; *Pritchett v. Monroe,* 22 *Ib.* 501; *Tabor v. Peters,* 74 *Ib.* 90; Story on Sales, § 169; *Hawkins v. Hudson,* 45 Ala. 482; *Goetter v. Pickett,* 61 *Ib.* 387; *Dawson v. Burrus,* 73 *Ib.* 111; *Hallenbeck v. Denitt,* 2 Johns. 407; 14 Penn. St. 489; 2 Wharton Ev. § 932. The appellee was not the manufacturer of the article sold.—2 Benj. on Sales (Corbin), § 988; *Herring v. Skaggs,* 62 Ala. 180; *Pacific Guano Co. v. Mullen,* 66 *Ib.* 582. No warranty of the quality of a chattel is implied from the mere fact of sale. " *Caveat emptor.*" 1 Benj. on Sales (Corbin), p. 810, § 966, p. 843, note 23.

SOMERVILLE, J.—Where a person signs an instrument without reading it, or if he can not read, without asking to have it read to him, the legal effect of the signature can not be avoided by showing his ignorance of its contents, in the absence of some fraud, deceit, or misrepresentation having been practised upon him. But the rule is otherwise, and the instrument will be held void, where its execution is obtained by a misrepresentation of its contents—the party signing a paper which he did not know he was signing, and did not really intend to sign. It is immaterial, in the latter aspect of the case, that the party signing had an opportunity to read the paper, for he may have been prevented from doing so by the very fact that he trusted to the truth of the representation made by the other party with whom he was dealing. *Goetter v. Pickett,* 61 Ala. 387; *Dawson v. Burrus,* 73 Ala. 111; *Foster v. Johnson,* 70 Ala. 251; *Davis v. Snider, Ib.* 317; *Johnson v. Cook,* 73 Ala. 537. What the rule would be in a case where the instrument sued on is commercial paper—the plaintiff being a *bona fide* holder for value before maturity— and the defendant has been guilty of negligence in signing it before delivery, we do not now decide.—*Abbott v. Rose,* 16 Amer. Rep. 427; *Chapman v. Rose,* 15 Amer. Rep. 401, and cases cited; *Gibbs v. Linabury,* 7 *Ib.* 675; *First Nat'l Bank v. Johns,* 46 Amer. Rep. 506, 519. The first charge given by the court was opposed to this principle, and was erroneous.

2. The rule is further settled that where the buyer of an article relies on a representation fraudulently made by the vendor, he is not barred of his right to relief by the mere fact that he had the opportunity of discovering that the representation was false, and might have known the truth by proper examination and inquiry. *Non constat* that he may not have been prevented from making investigation by his reliance on the truth of the representation, and this representation may not have been an artifice practised for the pur-

[Campbell v. Segars *et al.*]

pose of lulling all inquiry.—1 Benj. on Sales (Corbin's Am. Ed.), p. 575, § 676, and *note* 31 ; *B·ker v. Lever*, 67 N. Y. 304 ; *Juckson v. Collins*, 39 Mich. 557 ; *Kendall v. Wilson*, 41 Vt. 567 ; 1 Addison Contr. (Morgan's Am. Ed.), pp. 446-7, § 306. It is usually in the case only of a mere concealment of defects in the thing sold, without misrepresentation, that a failure of the vendee to use proper precaution to discover such defects, they being open to observation by the exercise of ordinary care, renders him remediless by reason of the folly of his own neglect, unless a special trust or confidence is for some reason reposed in the vendor, when a different rule might apply.—Story on Sales, §§ 382, 172.

The second charge given by the court was repugnant to this view of the law.

3.   The plaintiff's first replication to the fourth plea, and his first replication to the seventh plea, which were in substance the same, were bad, and the defendant's demurrers to these replications should have been sustained. If the instrument sued on was void for fraud in its execution, as alleged in these pleas, it was of no more binding efficacy on the defendant than if it had no existence, or were a piece of waste paper. Its recitals, therefore, could not operate as an estoppel on the defendant for any purpose whatever.

Reversed and remanded.

*Action on Note for Commercial Fertilizer.*

