# Kinney v. Ensminger.

*Bill in Equity for Reformation of Conveyance and Notes for Purchase-Money.*

1. *Parties to bill.*—When a bill is filed by the vendor of lands, seeking to correct his conveyance, and also the notes given for the purchase-money, by inserting an express provision for the retention of the vendor's lien, both of the makers of the notes are proper parties defendant, whether they were joint purchasers, or one was merely a surety for the other.

2. *Reformation of conveyance and notes for purchase-money, on ground of mistake or fraud.*—A vendor of lands, having executed a conveyance to the purchaser, and taken his notes for the purchase-money, may maintain a bill in equity to reform and correct them, by inserting an

[Kinney v. Ensminger.]

express provision for the retention of a vendor's lien, on averment and proof that such provision was omitted by mistake or fraud, without fault on his part.

3. *Same; signing or accepting writings without reading them.*—If the bill alleges that the complainant was not able to speak or understand the English language well, and that the contract was negotiated on his part by an agent, or an attorney in fact, who fraudulently colluded with the purchasers to omit from the writings the agreement for a retention of the vendor's lien, he relieves himself from the imputation of negligence, which generally attaches to a person who signs a writing without reading it, without inquiry, and without excuse for his neglect.

4. *Dissolution of injunction on answer.*—An injunction should not be dissolved on the denials of the answer, unless they are full and positive, especially where irreparable injury might result to the complainant from such dissolution.

APPEAL from the Chancery Court of Morgan.
Heard before the Hon. THOMAS COBBS.

W. T. L. COFER, for appellants.—(1.) In cases like this, where a party seeks to change the terms of a written instrument by oral evidence, the court proceeds with great caution, and requires the mistake to be established clearly and satisfactorily.—*Campbell v. Hatchett,* 55 Ala. 548; *Turner v. Kelly,* 70 Ala. 85; *Hinton v. Insurance Co.,* 63 Ala. 488; *Alexander v. Caldwell,* 55 Ala. 517; *Berry v. Sowell,* 72 Ala. 14. (2.) The complainant does not acquit himself of negligence.—*Watts v. Burnett,* 56 Ala. 340; *Dawson v. Burrus,* 73 Ala. 111; Benj. Sales, 436, § 452. (3.) The demurrers to the bill ought to have been sustained.—*McDonald v. Insurance Co.,* 56 Ala. 468; *Lake v. Loan Asso.,* 72 Ala. 207; *Flewellen v. Crane,* 58 Ala. 627; *Pickett v. Pipkin,* 64 Ala. 520; *Chamberlain v. Dorrance,* 69 Ala. 40. (4.) The injunction ought to have been dissolved on the denials of the answer.—*Collier v. Falk,* 61 Ala. 105; *Chambers v. Ala. Iron Co.,* 67 Ala. 353; 3 Brick. Digest, 352, § 303.

SOMERVILLE, J.—The bill is filed by the appellee, Ensminger, to reform a land deed recently executed to the appellants, and also the notes given for the purchase-money, so as to make the papers show on their face that a vendor's lien was retained, in accordance with what is alleged to have been the mutual agreement between the contracting parties. An injunction was prayed and granted, staying the threatened sale of the land in the meanwhile, it appearing that the purchase-money notes were not yet due, and that the defendants were insolvent. The appeal is taken from an interlocutory decree of the chancellor overruling a demurrer to the bill, and refusing to dissolve the injunction.

[Kinney v. Ensminger.]

The several grounds of demurrer were, in our judgment, properly overruled.

According to the allegations of the bill, the defendant, P. H. Kinney, was one of the purchasers of the land, and not a mere surety on the purchase-money notes, as averred in the answer. In either event, whether interested as a co-vendee or a mere surety, he was a proper party defendant to the bill.—*Tedder v. Steele*, 70 Ala. 347; *Ramage v. Towles*, 85 Ala. 588.

If the facts alleged in the bill are true, the case is clearly brought within the jurisdiction of chancery, under the equity head of reformation of written instruments on the ground of mistake or fraud, unless the failure of the complainant to inform himself as to the contents of the deed and notes be such culpable negligence as to bar him of his remedy in a court of conscience. The bill avers a distinct agreement between the parties, that the deed and notes should show on their face a retention of a vendor's lien, and that the omission of this stipulation from these papers was through the fraudulent collusion of the defendants and one Harrison, who, as real estate agent, negotiated the sale as attorney in fact of the complainant.—*Berry v. Sowell*, 72 Ala. 14; 2 Pom. Eq. Jur. §§ 870, 1375; 3 Brick. Dig. 358, §§ 379 *et seq.*

The bill, in our opinion, shows no such culpable negligence on the part of the complainant as to bar his right to seek correction of the mistake sought to be rectified. It is not every negligence that will operate to bar in such cases, as is sometimes inaccurately asserted. "It would be more accurate to say," observes Mr. Pomeroy, in discussing this subject, "that where the mistake is wholly caused by the want of that care and diligence in the transaction which should be used by every person of reasonable prudence, and the absence of which would be a violation of a legal duty, a court of equity will not interpose its relief."—2 Pom. Eq. Jur. § 856. After adding that each instance of negligence must depend largely upon its own circumstances, he further says: "The conclusion from the best authorities seems to be, that the neglect must amount to the violation of a positive legal duty. The highest possible care is not demanded. Even a clearly established negligence may not, of itself, be sufficient ground for refusing relief, if it appears that the other party has not been prejudiced thereby."—*Ib.* § 856.

While courts will act on this principle in granting relief,

[Kinney v. Ensminger.]

they will do so with great caution, so as to not unduly encourage the want of ordinary prudence, on the part of persons signing important papers, in making examination or inquiry as to their contents.—*Watts v. Burnett*, 56 Ala. 340. And generally an unexplained signing, without excuse for neglecting to read, or to make inquiry, and without any fraud, deceit or misrepresentation being practiced on the maker or grantor, by which he was induced to execute the paper, is not ground for relief, or defense to an action on this paper.—*Cannon v. Lindsey*, 85 Ala. 198; *Dawson v. Burrus*, 73 Ala. 111; *Pacific Guano Co. v. Anglin*, 82 Ala. 492; *Burroughs v. Pacific Guano Co.*, 81 Ala. 255; *Kennerty v. Etiwan Phosphate Co.*, 53 Amer. Rep. 669; *Murrel v. Murrel*, 49 Amer. Dec. 664. Especially is this true, where the rights of an innocent third person are involved, or the subject of the transaction is commercial paper, which is not this case.—*Montgomery v. Scott*, 30 Amer. Rep. 1.

The complainant's illiteracy and inability to understand the English language, coupled with his probable confidence in his trusted agent, Harrison, who acted for him in negotiating the sale, are *prima facie* sufficient, under the facts of this case, to acquit him of such culpable negligence, in failing to be informed as to the contents of the deed and notes, as would prevent him from obtaining relief in a court of equity.

The bill is not wanting in equity, and there was no error in refusing to dissolve the injunction on this ground. The demurrer to it was also correctly overruled.

As to the denials of the answer, they are not so full and positive as to justify a dissolution of the injunction, based alone on such denials, especially in view of the irreparable injury which might ensue to complainant in the event the land is sold to a *bona fide* purchaser, without notice of his alleged vendor's lien.—*C. & W. Railway Co. v. Witherow*, 82 Ala. 190; *Burnley v. Cook*, 65 Amer. Dec. 79; *Harrison v. Yerby, ante*, p. 185.

Affirmed.

McCLELLAN, J., not sitting, having been of counsel.