CEDAR RAPIDS NATIONAL BANK V. SIMON S. RHODES.

[51 South. 717.]

PROMISSORY NOTES.  *Bona fide holder.*  *Defenses.*

> The maker of a promissory note who can read and did read the con-
> tract evidencing the payee's obligations to him for which the note
> was given, cannot defend a suit brought on the note by a *bona*
> *fide* holder, upon the ground that the note did not evidence the
> obligation he intended to assume, where the note was drawn
> payable in another state to the payee or bearer.

FROM the circuit court of Rankin county.

HON. JAMES R. BYRD, Judge.

The National Bank, appellant, was plaintiff in the court
below; Rhodes, appellee, was defendant there.  From a judg-
ment in defendant's favor the plaintiff appealed to the supreme
court.

The note sued upon was given to a jewelry company in con-
sideration of its written contract to deliver Rhodes, the maker
of the note, designated goods upon terms therein specified.  The
note was made payable in Iowa to the jewelry company "or
bearer."  It was transferred by the payee named before ma-
turity for value to the plaintiff who was without notice of the
facts of which the defense was sought to be predicated.  The
defendant testified that the note was materially variant from
what he believed it to be when he executed it.

*William Buchanan,* for appellant.

It is no defense to say that the agent who sold the goods,
represented the note to be an order for goods.  Defendant
could read and write and he cannot, by his negligence, cause an
innocent third party to suffer loss.  2 Thompson on Trials,
§ 1708; 4 Am. & Eng. Ency. of Law (2d ed.) 201 and notes.

The plaintiff is presumed to be a *bona fide* holder and cannot be affected by any equities between the immediate parties, the note being payable in Iowa and to bearer. *Craig v. Vicksburg,* 31 Miss. 216; *Harrison v. Pike,* 48 Miss. 46; *Winstead v. Davis,* 40 Miss. 785; *Mercien v. Cotton,* 34 Miss. 64; 4 Am. & Eng. Ency. of Law (2d ed.) 193, 199; *Richardson v. Monroe* (Iowa), 52 N. W. 339.

Defendant should not have been permitted to introduce evidence to vary or contradict the written contract, which he admitted he signed.

*A. J. McLaurin, Jr.,* for appellee.

It is a perfect defense to a suit brought on an alleged promissory note in the hands of a *bona fide* purchaser for value before maturity without notice, to show that the affixing of the signature of the maker was procured by false and fraudulent representations that the instrument now alleged to be a note was an order for goods when the person sought to be charged, believing such representations and being guilty of no negligence affixed his signature to the instrument. *Douglass v. Matting,* 4 Am. Rep. 240 and note.

There lies a distinction between cases where the false and fraudulent representation on the strength of which the alleged maker affixes his signature have regard to the character of the instrument so signed; and those where the maker is apprised of the character and knows the nature of the instrument to which he fixes his signature but does not know for what amount it calls nor to whom nor where payable, etc.

In the latter case one so affixing his signature is charged with greater care and caution. *Cline v. Guthrie,* 13 Am. Rep. 359.

In such a case as the former when the person charged had no intention of signing a paper of the character he did sign and "who is ignorant of such character, and is not guilty of negligence in so affixing his signature nor in ascertaining the

.character of the instrument, he is no more bound by it than if it were a total forgery, the signature included." *Walker v. Egbert,* 9 Am. Rep. 548; *Gibbs v. Linaberry,* 7 Am. Rep. 675.

Whitfield, C. J., delivered the opinion of the court.

The authorities upon which appellee chiefly relies are *Foster v. McKinnon,* 38 L. J. Reports (N. S.) 310, and *Whitney v. Snyder,* 2 Lans. (N. Y.) 477, which are set out in the note to the case of *Douglass v. Matling,* 29 Iowa, 498, 4 Am. Rep. 238. The principal case is squarely against the appellee. In that case the court said: "As between the *bona fide* holder, receiving the paper before due for value, and the maker, the equities are all on the side of the first. The maker put his genuine signature to a note appearing upon its face fair and regular. In the regular course of business it comes into the hands of an innocent party, who has paid a valuable consideration for it, and has no notice of any infirmities or defenses attaching to the paper. Now it would be manifestly unjust to permit the maker, while admitting the genuineness of his signature, to defeat the note on the ground that, through his own culpable carelessness while dealing with a stranger, he signed the instrument without reading it or attempting to ascertain its true contents. The law will favor, as between the holder and maker in such a case, the more innocent and diligent. The maker had it in his power to protect himself from the fraud, but failed to do so. When the consequences of this act are about to be visited upon him, he seeks to make another bear it, on the ground that he was defrauded through his own gross negligence. He can certainly claim protection neither on the ground of his innocence nor diligence. The rule contended for by appellee would tend to destroy all confidence in commercial paper. It is better that defendant and others, who so carelessly affix their names to paper, the contents of which are unknown to them, should suffer from the fraud which their

recklessness invites, than that the character of commercial paper should be impaired, and the business of the country thus interfered with and unsettled."

In the two other cases cited in the note, the reason of the holding that the maker of the note might successfully defend was that the maker's mind never had assented to the contract in the note embodied, he (the maker) having been induced to sign the note, believing it to be a wholly different contract; and this defense was held to be good only in a case where the evidence clearly showed, as repeatedly stated in said note, that the maker was not guilty of negligence in signing the note and in not ascertaining what he was signing. For example, in *Whitney v. Snyder, supra,* the maker offered to prove in defense that he was unable to read. Now, this principle, resting upon the absence of any negligence on the part of the maker of the negotiable note payable to bearer, finds no application in the facts of this record. The testimony makes it perfectly clear that the appellee could read, and that he did read practically the whole of the order; for he states the contents of the order perfectly, with the exception that he said he knew nothing about any free watch to be given. It would be utterly subversive of the security of commercial paper to hold that, where the testimony shows that the maker of the note, who could read, was so grossly negligent as not to inform himself of the contents of the note he was signing, when, too, he did read and knew the contents of the order, he might defeat such note in the hands of an innocent purchaser for value without notice.

There ought to have been a peremptory instruction for the plaintiff in the case on the testimony in this record, since there was no evidence tending to show any knowledge of fraud in the inception of the note on the part of appellant.

*Reversed and remanded.*