[Greil v. Tillis.]

# Greil *v.* Tillis.

*Bill for Reformation of Contract.*

(Decided Nov. 24, 1910. Rehearing denied Feb. 16, 1911.
54 South. 524.)

1. *Reformation of Instruments; Mistake; Failure to Read.*—
Where no fraud is practiced on the signer to induce the signing,
generally, an unexplained signing of an instrument without excuse
for failure to read it or to make proper inquiry is not ground for
reformation of instrument.

2. *Same.*—Where the parties to a written contract dealt with each
other at arm's length, and no fraud was practiced, and a copy of
the contract was furnished to the parties and read over, neither
party was entitled to a reformation on the ground that the contract
did contain stipulation which did not represent the agreement of
the parties.

3. *Same; Evidence; Sufficiency.*—The burden of showing by clear
and satisfactory evidence that the contract does not express the
true agreement is on the one suing to reform the contract, and where
the proof is uncertain in any material respect, the court cannot
grant relief.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Bill by N. J. Greil against Richard Tillis, to reform
a contract. Judgment for respondent and complain-
ant appeals. Affirmed.

The contract referred to was a contract to sell cer-
tain personal property situated within the limits of
what was then known as "Electric Park," owned by
the Montgomery Amusement Company. It is alleged
that the stuff was itemized, and an estimate of value
placed opposite each item. It is averred that, in draw-
ing the contract, the draughtsman committed a mis-
take in the description of the property, by adding a
general descriptive clause, which is as follows: "To-
gether with all other structures, buildings, improve-
ments, etc. (except such as are now owned by the Mont-

gomery Street Railway), and all of the amusement de-
vices, property, and effects of every character and de-
scription whatever, now located and being in said Elec-
tric Park"—and this was contrary to the mutual agree-
ment and understanding of the parties to the contract.
As amended, the bill sought a rescission on the ground
that this interpretation of the contract was a fraud on
the complainant, and was not part of the agreement.

COLEMAN, DENT & WEIL, and J. M. CHILTON, for ap-
pellant. The bill was properly filed in a double aspect,
since both aspects entitled the complainant to substan-
tially the same relief.—*Hall & Farley v. Henderson,*
114 Ala. 601. Mutual mistake is ground for equitable
relief, for reformation of the instrument.—*Houston v.
Faul,* 86 Ala. 232; *Stevens v. Hertzel,* 119 Ala. 333;
*Hough v. Smith,* 132 Ala. 204. The proposition is well
settled that fraud or inequitable conduct on the part of
one party to a contract and a mistake on the part of
the other will justify a reformation.—*Wilson v. W. E.
Co.,* 77 N. C. 445; *Payne v. Jones,* 75 N. Y. 592; *Wells
v. Yates,* 44 N. Y. 525; *Essex v. Day,* 52 Conn. 484;
*Story v. Campbell,* 94 N. E. 982; *Keister v. Myers,* 115
Ind. 312; 4 Wig. on Evi., Sec. 2416; 1 Story's Eq. 168;
Pom. Eq., Secs. 847-870 and 1376. Counsel discuss the
evidence and conclude that it established both aspects
of the complainant's case.

HILL, HILL & WHITING, for appellee. If the clause
was inserted intentionally, the court of equity cannot
reform it under bill alleging mutual mistake.—*Camp-
bell v. Hatchett,* 55 Ala. 551; *Smith v. Allen,* 102 Ala.
406; Bisham's Eq., Sec. 469; Storey's Eq. 157. There
can be no fraud without some affirmative word or act
where parties are dealing at arm's length with each oth-
er.—*Watts v. Burnett,* 56 Ala. 340; *Goetter v. Pickett,*

1 Ala. 387; *Pac. G. Co. v. Anglin,* 82 Ala. 492; *Cannon v. Lindsey,* 85 Ala. 202; *Jones v. C. S. & M. R. R. Co.,* 90 Ala. 380. As to the burden of proof, and the character of evidence required, see *Guilmartin v. Urquhart,* 82 Ala. 571; *Hurtzler v. Stevens,* 119 Ala. 333; *Hough v. Smith,* 132 Ala. 204. Counsel discuss the evidence and conclude that the complainant failed to establish either aspect of the bill.

ANDERSON, J.—The original bill sought a reformation of the contract of sale because of a mutual mistake, while the amendment is based upon fraud upon the part of the respondent and mistake on the part of the complainant. It cannot be seriously contended that there was a mutual mistake, as the clause of the contract sought to be reformed was inserted by Tillis and for the very purpose of making the sale cover everything in the park except what was owned by the street railway company. It is questionable whether or not Tillis intended to buy all property in the Park, all property owned by the amusement company, or only the property inventoried by a list furnished him, and to which he fixed a bidding price per item, and the total almost equaling the consideration of the contract in question when the negotiations were going on, yet it is clear that he intended the contract to be as it is. But, be this as it may, the proof puts the parties upon an equal footing, no disability due to a lack of education or intelligence, no confidential relations between them, and whatever may have been the motive or intention of Tillis in having the clause inserted, there is nothing to indicate that any fraud, misrepresentation, or deceit was practiced by him on Greil, whereby the said Greil was induced to execute said contract. It is true that Mr. Pomeroy in his excellent work on Eq-

ity Jurisprudence (Vol. 2, § 856) criticises, as being too narrow, the rule that, when a mistake is the result of a complaining party's own negligence, he will never be relieved. And our own court, in the case of *Kinney v. Ensminger,* 87 Ala. 340, 6 South. 72, is inclined to agree with this eminent writer that the rule is too narrow, and holds that it is not every negligence that will operate to bar relief, yet holds that, while courts will so act in granting relief, they will do so with great caution, so as to not unduly encourage the want of ordinary prudence on the part of persons signing important papers in making examination or inquiry as to their contents—citing *Watts v. Burnett,* 56 Ala. 340. "And generally an unexplained signing, without excuse for neglecting to read, or to make inquiry, and without any fraud, deceit, or misrepresentation being practiced on the maker or grantor *by which he was induced to execute the paper* (italics supplied), is not ground for relief, or defense to an action on this paper."—*Cannon v. Lindsey,* 85 Ala. 198, 3 South. 676, 7 Am. St. Rep. 38; *Dawson v. Burrus,* 73 Ala. 111; *Pac. Co. v. Anglin,* 82 Ala. 492, 1 South. 852; *Burroughs v. Pac. Co.,* 81 Ala. 255, 1 South. 212; *Beck v. Houppert,* 104 Ala. 503, 16 South. 522, 53 Am. St. Rep. 77; *Upton v. Triblicock,* 91 U. S. 45, 23 L. Ed. 203. The parties were dealing at arm's length. No disability and no fraud, misrepresentation, or deception was practiced on Greil, whereby he was induced to sign the contract, either by Tillis or the draftsman. On the other hand, he was furnished with a copy of same some time before the signing, and practically admitted that he read it over, only claiming that he did not read it very thoroughly. Again, there was proof indicating that he knew the clause in question was in the contract when he signed the same, as he reserved or orally excepted some geese and flow-

ers. If he sold as per the inventory, there was no need to except the geese and flowers, or, if he sold only what the amusement company then owned, it is singular he did not except the other things when excepting the geese and flowers. Of course, if Greil knew the clause was in there, he is not entitled to relief, and, if he did not know it was there, it was his own fault, and courts should be reluctant to disturb solemn contracts, when neither party was induced to sign same through the fraud, misrepresentation, or deceit of the other, both parties standing upon an equal footing, simply because one party, who admits that he had an opportunity to do so, failed to read it or who read it, but did not do so thoroughly.

Our court in dealing with the reformation of contracts has laid down and followed a very stringent rule as to the nature and weight of the proof essential to entitle the complaining party to relief. "The burden in such cases is always on the complainant to show by evidence that is clear, exact, convincing, and satisfactory that the written contract does not express the true agreement between the parties." "If the proof is uncertain in any material respect, it will be held insufficient, and, while the courts may feel that a great wrong has been done, they can grant no relief by reason of uncertainty."—*Hough v. Smith,* 132 Ala. 204, 31 South. 500.

We are of the opinion that the city court properly concluded that the complainant's proof did not entitle him to the relief sought, and the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.