(80 South. 462)

LIVINGSTON v. BOTHWELL.  (7 Div. 962.)

(Supreme Court of Alabama.   Nov. 28, 1918.)

1. DEEDS ⚛═70(7)—FRAUDULENT MISREPRE-
SENTATIONS.

Where an 85 year old woman, practically ·blind and unable to read, is induced by her daughter and son-in-law to sign a deed to land under the fraudulent representation that it was an instrument authorizing the daughter to manage the land, the deed will be canceled.

2. DEEDS ⚛═70(1)—DECEPTION.

Where one has been induced to sign a deed under the fraudulent misrepresentation that it is an authority to manage the land, necessary to prevent the encroachments of a third party, the vitiating fraud is in the deception as to the kind of instrument, and it is immaterial whether the inducement was fact or fiction, reasonable or absurd.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Bill by Elmira S. Bothwell against Sallie B. Livingston to cancel deed for fraud and to sell lands for division. Decree for complainant, and respondent appeals. Affirmed.

The bill seeks the cancellation of a deed made by complainant to respondent to a half interest in property held by them as tenants in common, and to sell said lands for division. The bill shows that complainant is more than 85 years old, practically blind, and unable to read, and has for many years made her home with respondent, who is her daughter, and her husband, and has left the management of the lands in suit to them; that in 1913 respondent and her husband told complainant it was necessary for her to make a paper to respondent, authorizing her to manage the lands, in order to keep John Giggenbottom from tearing up their home; that complainant relied upon that representation, to the effect that she was signing only such an instrument as that; that nothing was said about her executing a deed to her land, and it was not complainant's intention to do so; that complainant relied solely upon the statements made to her by respondent and her husband, and did not have the deed read to her, and if such a deed was signed by her it was procured by fraud and deceit. The bill further shows that as soon as complainant became aware of the deception she tooks steps to have the deed set aside. Demurrer to the bill was overruled.

Hugh Reed and Conner & Savage, all of Center, for appellant.

Isbell, Scott & Downer, of Ft. Payne, for appellee.

SOMERVILLE, J.  [1] On elementary principles of decency, which here happily coincide with elementary principles of law, the material allegations of the bill of complaint, if satisfactorily established, must entitle complainant to the relief prayed for, viz. the cancellation of the deed obtained from her by fraudulent misrepresentation of its nature and contents, and the sale for division of the lands.  Pacific Guano Co. v. Anglin, 82 Ala. 492, 494, 1 South. 852; Prestwood v. Carlton, 162 Ala. 327, 50 South. 254.

[2] The vitiating fraud is found in the deception as to the kind of instrument to be signed, and it is quite immaterial whether the inducement presented to plaintiff was fact or fiction, or whether it was reasonable or absurd in character.

The demurrer was properly overruled, and the decree will be affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.

—————

(80 South. 462)

LIVINGSTON et al. v. BOTHWELL.
(7 Div. 964.)

(Supreme Court of Alabama.   Nov. 28, 1918.)

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action between Elmira S. Bothwell and Sallie B. Livingston and others. From a decree in favor of Elmira S. Bothwell, Sallie B. Livingston and others appeal. Affirmed.

Hugh Reed and Connor & Savage, all of Center, for appellants.

Isbell, Scott & Downer, of Ft. Payne, for appellee.

SOMERVILLE, J.  On the authority of Sallie B. Livingston v. Elmira S. Bothwell, supra, 80 South. 462 (7th Div. 962), with which this case is identical, the decree herein will be affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.

⚛═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes