ROLSTON v. CLICK, et al.

1. One partner cannot bind his co-partner by affixing the partnership name to a note, as security for the debt of a third person, unless by his assent.
2. The *onus probandi,* of the assent, lies on the plaintiff.
3. An innocent endorsee of a note thus signed is, by our statute, placed on the same footing as the original payee, and is subject to the same defence.

HUGH H. ROLSTON, as assignee of one Merritt, brought an action of debt in the Circuit Court of Jefferson county, against James G. Click, and also against John Click and Luther Morgan, as the surviving partners of the firm of John Click & Co. to recover on a note for $696 73, dated in 1819, payable to Merritt, and signed "James G. Click" and "John Click & Co." Morgan who was charged in the declaration as a surviving co-partner of the firm of John Click & Co., pleaded on oath, that the note "was not executed by him nor by any one authorized by him." The other defendants did not plead.

On the trial it was proved by Morgan, that the note sued on was given for a debt due by James G. Click, and that John Click, a partner of the firm of John Click & Co. of which firm Morgan was a partner, had signed the note with the firm name as security for James G. Click. On this proof, Morgan requested the Court to instruct the jury, that one partner could not bind his co-partner as security to pay the debt of another person, it not being a co-partnership transaction; which instructions the Court declined to give, and the jury found for the plaintiff against all the defendants, to which Morgan excepted.

The defendants below among many other matters of alleged error, assigned the above decision of the Court.

BARTON and STEWART, for the plaintiffs in error, on this point contended, that the general principle was, that one partner could not bind his co-partner except in transactions relating to the firm or partnership business; that this was not a firm transaction evidently, on the *proof,* and was not for the benefit of the firm, or at least was not shewn to be so; and if it was, it should have been shewn, as it was *prima facie* from the proof, otherwise. [a] It is set-

[a] 1 Montague on Partnerships 21, 29, 40. Watson 180. Chitty on Bills 41 to 45.

tled, and on correct principles, that a partner cannot bind his co-partner by note, for the payment of his individual debt. [a] It has also been decided, that a firm is not bound by a guarantee given by one partner without the consent of the others. [b] All the reasoning in support of those decisions applies here, and with much more force. The statute of frauds should have a powerful influence in the determination of this question, for here Morgan, by the law as contended for, would be bound to pay the debt of another without his consent in writing, which is in direct conflict with the statute; and if his liability can be here sustained, he can be charged by parol evidence with the debt of another, and by the slightest kind of evidence; for the partnership not only can be proved by parol, but even by reputation, and thus the statute could be evaded.

JULY 1828.

Rolston
v.
Click, et al.

[a] I Montague 29, 31. 16 John. 38. 4 John. 251. 1 East 48. 10 East 264.
[b] 1 Montague 40.

An important point for consideration is as to the sufficiency of the proof made by the defendant in this case. The plea denies completely the execution of the instrument by Morgan. The proof made by the plaintiff below, it will be presumed, was the fact of the hand writing of Click, and that Morgan was a partner. This would establish the case against the defendants, as the transaction would be presumed to be a partnership one, if unexplained. But Morgan proves it to be a securityship, and thereby rebuts the presumption, and makes a *prima facie* case on his side; for the presumption then arises that it did not relate to the partnership business, and this presumption was not rebutted by the plaintiff. The case of Dob and Dob against Halsey, [c] shews that it lies on the plaintiff to shew that the several partners are all bound.

[c] 16 John. 34.

There can be no difficulty on account of the paper being transferred by endorsement, as by our statute [d] payees and endorsees are placed on the same footing when plaintiffs.

[d] Laws Ala. 69.

COLLIER, for the defendant.

JUDGE WHITE delivered the opinion of the Court.

IT is contended that the Court below erred in refusing the charge requested. By entering into partnership, each partner reposes confidence in the other, and constitutes him his general agent as to all the *partnership concerns.* This, in the ordinary transactions of trade, the public good, and the facilities of commerce require to be under-

JULY 1828.

Rolston
v.
Click, et al.

stood.  The English books have gone so far as to say, that even where a note is made, or a bill drawn in the name of the firm, for the payment of the individual debt of a partner, that it will *prima facie* bind the firm, unless there be evidence of collusion or fraud between the creditor and partner giving such note or bill. [a] This doctrine, however, seems to be varied by other decisions, which hold that the presumption in such a case is in favor of the firm, unless where the bill or note pass into the hands of an innocent holder without notice.  The same principle is also sustained by the New-York cases. [b] The latter doctrine we believe to be the most reasonable and salutary.  For the payment of the debt of an individual partner out of the joint funds, is not within the ordinary scope of partnership transactions; and when the question arises whether the other partners have expressly, or by implication, assented to be bound, it must, in the nature of things, be easier for the payee of such a note or bill to prove that assent than for the other members of the firm to shew negatively that they did not consent.  So, by analogy, I would say, that when the name of a firm is signed as security to a note, this method of subjecting the firm is not in the common course of partnership transactions; and as the person who takes such note must know that it is to receive the debt of a third person, and more especially as it would be more convenient and consonant with the rules of evidence, for him to shew affirmatively that the other partners consented, than for them to prove negatively that they did not, the case would be *prima facie* in favor of the firm, and the *onus probandi* rest on the holder of the note, to subject those who did not sign.  Then in the present case, Morgan was not bound until his consent, express or implied, was shewn to have been given to the signature affixed by his partner John Click.  How far this principle might apply to the endorsement of bills of exchange by one partner in the name of the firm, as indirect security for third persons, it is unnecessary now to inquire, nor do we intend to say.  The latter acts are evidently more mercantile in their character than that which we have now under consideration, and this perhaps might induce to a different conclusion in such a case.  But be this as it may, we think that the doctrine as now laid down, applies to cases such as this, with all its meaning, and that one partner cannot bind his co-partners by signing the

a Chitty on Bills 45. 2 Cowp. 561.

b Montague on Partnerships 31, and the authorities there cited.

name of the firm as security for a third person to a note, unless the consent of the other partners can be fairly inferred, or positively proven by the holder of such a note; and moreover, that in such a case the *onus* lies upon the holder. The English books do not controvert this principle, except that some of them hold that the burden of proof rests on the other side. But the New-York cases, and especially that of Dob and Dob against Halsey, [a] go the full length of the doctrine here contended for.

JULY 1828.

Rolston
v.
Click, et al.

[a] 16 John. 34,

We further think, and, indeed, it was conceded at the bar, that the defendant in error, though an assignee, stands, by virtue of the equity of our statute of 1812, in the same situation with respect to this question, as the original holder of the note would have stood. We are, therefore, of opinion, that the Court erred in refusing the charge requested below, and that for this the judgement must be reversed. This makes so entire a disposition of the case, that it is useless to notice the other assignments of error.

The CHIEF JUSTICE and JUDGE PERRY not sitting.