PIERCE & BALDWIN *vs.* PASS & CO.

*Error from Tuscaloosa Circuit Court*—Before the Hon. A. CRENSHAW.

The joint effects of a copartnership concern cannot be appropriated by one copartner, to the payment of his individual debt, without the implied or express assent of the other copartners; and an account raised by one copartner, without the knowledge or consent of the others, can not be set off against a debt due the firm.

The *onus probandi* of such assent, lies on the creditor of the individual partner.

The individual debts of a copartner are not recoverable out of the property of the concern.

This was an action of assumpsit, to recover the amount of an account against Pass & Co. for goods sold and delivered. The defendants relied on a set off, and proved, that by an agreement between themselves and Pierce, one of the partners of the firm of Pierce & Baldwin, the goods now the subject of the present suit, were to be taken in payment for the board of Pierce. An account, comprising this board, money lent, drink, segars, &c. was now insisted on, in off set to the recovery of the plaintiffs; but no knowlege of Baldwin, or his consent to this agreement, was proved. The plaintiffs offered to prove that the firm of Pierce & Baldwin was insolvent; that an assignment of their effects had been made; and that Pierce had absconded. The court would not suffer this testimony to go to the jury. The plaintiffs then requested the court to charge the jury, that the account of Pass & Co. not being within the scope of copartnership transactions, the agreement of Pierce to pay the same in goods, was not binding on the firm. The court refused to give this charge.

It was further in evidence, that the account against Pierce, proposed to be set off by the defendants, was, on the books of Pass & Co. charged to Pierce alone. Under this evidence, the jury rendered à verdict for the defendants ; and exceptions having been taken to the rejection of the testimony by the court, and the refusal to charge the jury as required, the same were now here assigned for error.

STEWART, for Plaintiff—
*Gow on Part.* 55, 73, 71, 317, 318—1 *Stewart,* 526—2 *Stewart,* 378.

PECK, *contra.*
1 *Espinasse's N. P. Rep.* 406—1 *Dessaus.* 537—*Gow on Part.* 68.

By Mr. Justice THORNTON:
This was an action of assumpsit, brought by the plaintiffs, as merchants and partners, to recover of the defendants the amount of an account for goods, wares and merchandize sold and delivered to the defendants. The defendants pleaded non-assumpsit, payment, and set off. A bill of exceptions was signed during the progress of the cause, which contains the matters here assigned as error. It appears, that under the plea of set off, the defendants introduced an account raised with them as tavern keepers, by the plaintiff, Pierce, for meat and drink consumed by him ; proving by a witness who was their bar keeeper, that it was agreed between the said Pierce and the defendants, that the account so raised, was to be liquidated by goods from the store of the plaintiffs. Another witness proved that the said Pierce, anterior to the raising of the account so set up, had incurred one for board with him, and that in the settlement which he had with said Pierce, the witness' account in the plaintiffs' store was discharged by said account for board, without any objection made to this

30

Pierce&Bald
win
*SA
Pass & Co.

mode of its settlement, by the copartner Baldwin, as far as witness knew. The business of the trade was personally attended to by both of the plaintiffs. In reference to this testimony, the plaintiffs moved the court to charge the jury, "that the account for board, &c. not being within the scope of partnership transactions, the agreement of Pierce to pay it in goods, was not binding on the firm of Pierce & Baldwin"— to give which, the court refused; but charged, "that under the evidence, the whole account of the defendants so far as proved, was a good set off against the plaintiffs' demand."

I think the court was correct in refusing to give the charge as required by the plaintiffs' counsel, but that there was error in the charge which was given in its stead.

In regard to the charge sought, I understand it to contain this proposition, that an account for matters purely individual against one member of a firm, cannot by an agreement with that member, be made a charge upon the firm. Now it does not follow as a necessary consequence, admitting the individual nature of an account, that the agreement to pay it in the goods of the firm, would not be binding upon the partnership. If such an agreement were unauthorised, then I admit that such would be the case. But however foreign to the concerns of the partnership, the subject of this account may be, if the defendants could establish that by the consent of Baldwin, it was either agreed to be paid by Pierce, out of the effects of the firm, or that the goods in the account sued upon, were delivered by his assent, either express or implied, in virtue of the agreement testified to by the witness, in either event, the set off would be admissible. I cannot perceive, to be sure, any sufficient motive to induce Baldwin to assent to, or to authorise an agreement by his copartner, so as to bind the firm, touching the most formidable portion of this account, at least; it being for drinks of liquor at the tavern: for however a small allowance in that particular might be deemed reasonable, the disproportion in this account, of the drink to the meat, was as inordinate as that of the sack, in the bill of

fare of Fallstaff, to the items of bread. Yet it may have been Pierce&Baldwin vs. Pass & Co. so assented to, as to be binding on the firm, notwithstanding its character. All the authorities concur in the position, that the individual debts of a partner may be chargeable upon the firm, by the contract of one member, if the other partners assent to such a charge. But in the particular of the *onus probandi* of this assent, there is a difference between the decisions of the English courts, and of our own. There, the presumption is against the partnership, and the firm shall be bound by the appropriation of the joint effects, to the payment of an individual debt by one of the parties, unless they can establish a fraudulent collusion between such partner and his individual creditor ; or at least a want of authority, either express or implied in the debtor partner, so to act. Here, we presume in favor of the firm, and to sustain such a transaction, devolve upon the individual creditor who has thus received satisfaction out of the firm effects, or contracted for the firm effects on a consideration wholly private and unconnected with the partnership, the proof of the assent of the other members composing it. ) For the English rule upon this point, I refer to *Chitty on Bills,* 43, 44—8 *East,* 212— 2 *Camp.* 562. For the different rule, as heretofore adopted by this court, I refer to 2 *Caines,* 246, &c.—2 *Johns.* 300— 4 *Johns.* 261—16 *Johns.* 34—See the case of *Rolston* v. *Clik,* *et al.*[a] and the authorities there cited.

a1 Stew. 526,

With this understanding of the law, I think the court did not err in refusing the charge as asked by the plaintiffs counsel.

The next error assigned, is, the instruction given as above stated—" that under the evidence, the whole account of the defendants, so far as proved, was a good set off against the plaintiffs' demand." I do not distinctly perceive, upon what principle of law, or upon what view of the case, this instruction was given. If it were intended to declare, that the account set up, though it were believed by the jury to be an individual debt, due from Pierce, for which the firm was not

Pierce&Bald
win
vs.
Pass & Co.

responsible, yet it would be a good set off, so far as proved, in this action brought by the firm ; it seems to me that it can not be sustained : and my reason for thinking so, is fully illustrated by the verdict and judgment in this case ; by which, if it be the sole debt of Pierce, it has been unjustly paid off, at least to the extent of Baldwin's interest in the account sued for by him. It is in effect, allowing an individual debt of a partner, to be paid out of the property of the firm ; and ought no more to be allowed, by the process of set off, than if the defendants in this case had brought suit on the account of Pierce, admitting it to be purely his own, against the firm of Pierce & Baldwin, which it must be admitted by all, could not be sustained. So if it were intended by the charge to declare that this account was so palpably within the scope of the partnership business; as that without further proof, except of the items, it constituted a claim upon the firm, I think it equally erroneous. If the view taken, was, that the account being raised under the agreement, &c. as stated by the witness, to be paid for in goods from the store of the plaintiffs ; the charge was erroneous, because it assumed facts, which the jury alone were competent to determine. The charge should have been, that if the jury believed from all the evidence in the case, that Baldwin either by implication, or expressly agreed to, or authorised the appropriation of the firm effects to the satisfaction of the tavern account of Pierce, that then the set off was good against the plaintiff. This view of the law of the case, which will regulate any future trial of it, supersedes, as I apprehend, the necessity of adverting to the other assignment of error, questioning the propriety of the rejection of the proof offered by the plaintiff; of the insolvency of the firm, and the transfer of its effects. The doctrine that the firm property must be first applied to the satisfaction of the firm debts, with a view to which, I suppose the testimony was offered, can have no application. If the account set up by the defendants was, when it was created, and before any assignment of the firm effects, a good

set off against the firm, its insolvency, and the transfer of the account sued on, could not defeat it ; and if it was not a good set off against the account of the firm, it could not under any circumstances be used as such. If the account attempted here to be set off was sued against Pierce individually, and upon judgment against him, execution were levied upon the property of the firm, then in accordance with the principle above stated, the assignee might well interfere on behalf of the creditors of the firm.

The judgment is reversed, and the cause remanded.

Mr. Justice SAFFOLD dissented.