*J. B. Julian*, for the plaintiff.

*J. S. Newman*, for the defendants.

---

### THOMPSON *v.* HOWARD.

The mere fact that the defendants are partners in the practice of medicine, does not render them jointly liable for the expenditures of each other having no connection with their partnership business as physicians.

ERROR to the *Sullivan* Circuit Court. <span style="float:right">*Monday, October* 28.</span>

BLACKFORD, J.—*Howard* sued *James S.* and *Samuel A.
Thompson*, in assumpsit, before a justice of the peace.
Verdict and judgment, before the justice, for the defendants, for 6 dollars and 38 cents.

The plaintiff, by *certiorari*, took the cause to the Circuit Court.

The following is the cause of action:

"*Sullivan, January* 25th, 1844.

"*James S. Thompson* and *Samuel A. Thompson*, debtors
to *Sanders M. Howard*.

| | | |
|---|---:|---:|
| "Boarding from the 11th of *June*, 1843, till the 6th of *December*, at $1 50 per week, | $75 | 68 |
| "Family board, | 3 | 00 |
| "Horse feed, | 3 | 00 |
| "One pair martingales, | | 50 |
| "One pair wrappers, | 1 | 00 |
| "Turpentine, | | 25 |
| "Seven months' washing, | 7 | 00 |
| | $90 | 43" |

The defendants put in a claim on a judgment for 17

dollars and 50 cents against the plaintiff, assigned to them by the judgment-creditor. They were entitled to the benefit of the general issue by statute.

In the Circuit Court, at the *October* term, 1844, the death of *James S. Thompson*, one of the defendants, was suggested.

At the *April* term, 1845, the parties appeared, and the Court reversed the judgment of the justice.

At the *April* term, 1846, the parties appeared, and the cause was tried. Verdict and judgment for the plaintiff · for 12 dollars and costs.

On the trial, the plaintiff proved that the defendants *Samuel A.* and *James S. Thompson*, boarded with the plaintiff from the month of *June*, 1843, to the first week in *December* of that year; and that, during that time, they, the defendants, were partners in the practice of medicine. The plaintiff also proved that a Mr. *Coffin's* family came on a visit to the defendants, and stayed a day and night at plaintiff's house. He also proved that boarding, during said time, was worth a dollar and a half a week. There was also proof that the plaintiff let the defendant, *James*, have a pair of martingales and a pair of leggins; and that, whilst the defendants boarded with the plaintiff, his family washed for them.

That was all the plaintiff's evidence; and there was no other tending to prove his case.

The cause presents but one question, and that is, whether the *Thompsons*, who were partners in the practice of medicine, were liable, as such partners, to any of the items of the account proved, and we are clearly of opinion that they were not. There was no joint contract proved. The mere fact that the defendants were partners in the practice of medicine, does not render them jointly liable for the expenditures of each other having no connection with their partnership business as physicians.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c. Costs here.

*J. H. Thompson*, for the plaintiff.

*J. H. Henry*, for the defendant.