## EVANS *vs.* SIMS.

1. *Set-off of partnership demand against individual debt.*—A demand due from the plaintiff, to a partnership of which the defendant is a member, is not available as a set-off against a debt due from the defendant individually to the plaintiff; there being no averment or proof that such demand is the defendant's individual property, or that his partners assented to his use of it as a set-off.

APPEAL from the Circuit Court of Jackson.

The record does not show the name of the presiding judge.

THIS action was brought by Matthew Sims, against L. B. Evans, and was commenced in a justice's court. After the removal of the case to the circuit court, the plaintiff there filed a complaint, in which he claimed forty-nine dollars, alleged to be due to him from the defendant, on an account, and for money paid, and money had and received. The defendant's pleas, as copied in the record, were—"1st, *non assumpsit* ; 2d, payment ; 3d, set-off, consisting of an account for work and labor done, and materials furnished plaintiff, at his instance and request, by defendant and one Ledbetter, while working as partners in the smith-trade,— which account is his property." The judgment-entry recites, that "the plaintiff demurred to the defendant's plea of set-off, because it disclosed the fact that it was a partnership demand ; which demurrer being sustained by the court, the plea was then amended, by averring individual property in the defendant ; and thereupon came a jury," &c. The sustaining of the demurrer to this plea is now assigned as error.

S. D. J. MOORE, for appellant.
ROBINSON & JONES, *contra.*

R. W. WALKER, J.—We understand from the minute-

entry that the words, "which account is his property," which form the conclusion of the 3d plea as set out in the transcript, were added to the plea by way of amendment, after the demurrer had been sustained. The sufficiency of the plea before this amendment was made, is the only question presented by the record; and the ruling of the circuit court on this question is sustained by the decisions of this court, declaring the law to be, that a defendant, when sued for his individual debt, cannot set off a debt due to a partnership of which he is a member.—*Taylor v. Bass*, 5 Ala. 110; *Jones v. Jones*, 12 Ala. 245; *Nall & Brooks v. McIntyre*, 31 Ala. 534. The question would have been very different, if there had been an averment, showing the consent of the other parties to the defendant's use of the demand due the firm, as a set-off in this suit.

Judgment affirmed.