# Cannon *v.* Lindsey.

*Action on Promissory Note, by Assignee against Maker.*

1. *Transfer of partnership assets, in payment of partner's individual debt.*—An appropriation or transfer of partnership assets by one partner, without the consent or authority of the others, in payment or satisfaction of his own individual debt, is a fraud on the other partners, and does not divest the title of the partnership; and it is immaterial whether the partnership is then existing or dissolved, and whether or not the creditor receiving the property knew that it belonged to the partnership. (*White v. Toles*, 7 Ala. 569, if not distinguishable, declared wrong in principle.)

2. *Set-off of partnership and individual debts.*—In an action on a partnership demand, whether brought in the name of the partnership or their assignee, a debt due to the defendant from one of the partners individually is not available as a set-off.

3. *Writing signed without reading it.*—If the maker of a promissory note signs it without reading, or having it read to him, no fraud, deceit, or misrepresentations being practiced on him, he can not defeat an action on it by an assignee, under the plea of *non est factum*, because it was made payable to a partnership, and not to the individual partner with whom he was dealing, and against whom he claims a set-off; nor is the set-off available against the assignee.

4. *Duplicity in plea.*—Except in dilatory pleas, duplicity or redundancy is not ground of demurrer.

5. *General objection to evidence partly admissible.*—A general objection to evidence, a part of which is admissible, may be overruled entirely.

APPEAL from the Circuit Court of Fayette.

Tried before the Hon. SAM. H. SPROTT.

This action was brought by Isaac Cannon, against Levi Lindsey; and was founded on the defendant's promissory

[Cannon v. Lindsey.]

note for $75, which was dated December 30th, 1878, and payable twelve months after date, to the order of Moses Walters & Co., by whom it was assigned to said Isaac Cannon. The action was commenced in a justice's court, and was removed by appeal into the Circuit Court. The defendant filed a special plea, verified by affidavit, alleging "that he did not execute the note sued on in this action, as a note due to Moses Walters & Co." The plaintiff demurred to this plea, because—"1st, said plea is double, since it undertakes to deny the execution of the note sued on, as a plea of *non est factum*, and at the same time admits its execution, and attempts to set up a defense thereto by way of set-off;" 2d, "because it shows on its face that said note was executed to Moses Walters & Co., and undertakes to set off a debt due to defendant from Moses Walters individually, a member of said partnership." The court overruled the demurrer, and the cause was tried, as the judgment-entry recites, "on issue joined;" while the bill of exceptions states that issue was joined "on the pleas of the general issue, set-off, payment, &c."

On the trial, the plaintiff having read the note in evidence, "the defendant testified in his own behalf, in substance as follows: that at the time he executed said note there were unsettled accounts between him and Moses Walters; that the note was given on the purchase of a horse by him from said Walters; that he signed the note without reading it, and handed it to Walters, to be held by him until they could have a settlement of their accounts; that no money was to be paid on the note, as Walters was owing him about the amount of the note; that this was the agreement and understanding between him and said Walters; that he knew no one but Walters in the transaction, and did not purchase the horse as the property of Moses Walters & Co.; that he knew nothing about the *Co.* in the transaction, and bought the horse from Walters in order to save the debt which Walters owed him. The plaintiff objected to this testimony of said Lindsey, and moved to exclude it from the jury;" and he excepted to the overruling of his objection. R. A. Smith, a witness for defendant, testified, "that he was standing in Walter's store when said note was executed, and saw Lindsey execute and deliver it; that the note was given for a mare, worth about $30.00, which Walters had received on an old debt from one McCollum; that it was agreed between the parties that no money should be paid on the note, but that

[Cannon v. Lindsey.]

it was given to await a settlement between said Walters and Lindsey; that he had a conversation with Walters, immediately after Lindsey left the store, in which Walters told him that no money was to bè paid on said note—that Lindsey was a good fellow, and he (Walters) wanted to help him. Plaintiff moved to exclude this testimony, on the ground that the same was illegal, irrelevant, and hearsay;" and he excepted to the overruling of his motion. The plaintiff read in evidence, in rebuttal, the deposition of said Moses Walters, in which he stated, in substance, that the partnership of Moses Walters & Co. consisted of himself and one T. T. Cannon, but had been dissolved at the time the note was executed, and he was then engaged in winding up the business; that he had taken a horse from one McCollum, in payment of a debt due to the partnership, which debt had been transferred to Isaac Cannon as collateral security; that he sold the horse to the defendant as the property of the partnership, and informed him at the time that his note would be transferred to said Cannon; and that the transfer was made on the same day.

This being "substantially all the evidence," the court gave the following charge to the jury, on request of the defendant: "If the jury believe from the evidence that the note sued on was given for a horse sold by Moses Walters to Lindsey, and that it was understood between the parties at the time that the said sale and purchase was made to satisfy an indebtedness from said Walters to Lindsey, and that no money was to be paid, but the note was to await a settlement between them; and should believe that Walters was indebted to Lindsey, at the time the trade was made, to an amount greater than the note, and that the firm of M. Walters & Co. had then been dissolved; then the jury must find for the defendant." The plaintiff excepted to this charge, and he here assigns it as error, together with the overruling of his demurrer to the special plea, and the several rulings on evidence.

McGUIRE & COLLIER, for the appellant, cited *Lowrie v. Stewart*, 8 Ala. 163; *Goetter, Weil & Co. v. Pickett*, 61 Ala. 387; *Hawkins v. Hudson*, 45 Ala. 482; *Ross v. Pearson*, 21 Ala. 473; *Evàns v. Sims*, 37 Ala. 710; *Clark v. Taylor & Co.*, 68 Ala. 453; Chitty on Contracts, 878, 9th American edition.

[Cannon v. Lindsey.]

SOMERVILLE, J.—1. One member of a partnership, whether existing or dissolved, can not appropriate the assets of the firm by transferring them in satisfaction of his individual debt due to such transferree, without the authority or consent of the other members of the firm. Such transaction is considered a fraud on the other partners, and the title to the joint fund or property is not divested in favor of the separate creditor, whether he knew it to be partnership property or not. "In short," as said by Judge Story in a leading case on this subject, "his right depends, not upon his knowledge that it was partnership property, but upon the fact, whether the other partners had assented to such disposition of it or not."—*Rogers v. Batchelor*, 12 Pet. 221; Parsons on Partnership (2d Ed.), pp. *113, note; *430; *Halstead v. Shepard*, 23 Ala. 558, 572; *Pierce v. Pass & Co.*, 1 Port. 232; *Burwell v. Springfield*, 15 Ala. 273; *Nall v. McIntyre*, 31 Ala. 532; *Dob v. Halsey*, 16 John. Rep. 34; *Gram v. Caldwell*, 5 Cow. 489; *Evernhim v. Ensworth*, 7 Wend. 326; *Fancher Bros. v. Bibb Furnace Co.*, 80 Ala. 481.

The case of *White v. Toles*, 7 Ala. 569, which seems opposed to this view, is possibly distinguishable from this case, on the ground that the personal services of a partnership, not its assets, were involved in the transaction, the defendant stipulating in advance that certain work was to be done by one of the plaintiffs, and paid for by his boarding with defendant. If not thus distinguishable, the decision is opposed to many other decisions of this court, and is wrong in principle.

2. Closely analogous to the foregoing principle is the rule, that where suit is brought on a partnership demand, whether in the name of the partnership or their assignee, the defendant can not set off against the partnership demand an individual debt due to him from one of the partners. There is not only a want of mutuality between the two demands, but the effect of allowing such a set-off would be an indirect appropriation of partnership assets to the payment of the private debt of one of the individual partners.—*Watts v. Sayre*, 76 Ala. 397; *Clark v. Taylor*, 68 Ala. 453; *Evans v. Sims*, 37 Ala. 710; *Ross v. Pearson*, 21 Ala. 473.

If the horse sold by Walters to the defendant was the property of the partnership of Moses Walters & Co., Walters would have no right to make any arrangement with defendant, by which the property could be appropriated, either by set-off or payment, in satisfaction of his private debt to the

defendant. The charge given by the court, at the request of the defendant, excluded this phase of the case from the consideration of the jury, and was on this ground erroneous.

3. If the defendant signed the note in question without any fraud, deceit or misrepresentation being practiced on him, by which he was induced to do so, it would be no defense to this suit that he neglected to read the instrument, or have it read to him.—*Burroughs v. Pac. Guano Co.*, 81 Ala. 255; *Goetter v. Pickett*, 61 Ala. 387; *Pac. Guano Co. v. Anglin*, 82 Ala. 492; *Dawson v. Burrus*, 73 Ala. 111. If, therefore, the horse sold to the defendant belonged to the partnership of Moses Walters & Co., and the note given for the horse was made payable to the partnership, and was assigned by the payees to the plaintiff, in satisfaction of a claim held by him on said partnership, it would avail the defendant nothing that he neglected to observe the fact that the note was so payable. He could neither defeat the action on the plea of *non est factum*, in the form in which it appears in the record, nor prevent a recovery by a set-off of any demand held by him against Moses Walters individually.

4. This plea of *non est factum*, however, not being a dilatory plea, was not demurrable for duplicity; for, under our system of pleading, redundancy, whether of good or bad matter, does not vitiate, except in the case of dilatory pleas. *Lewis v. Lee County*, 66 Ala. 480; *Houston v. Hilton*, 67 Ala. 374. The court did not err in overruling this ground of demurrer. And whatever may be the imperfections of the plea, none of the objections urged by the demurrer were well taken.

5. There was much in the testimony of both the defendant Lindsey, and the witness Smith, which could have been excluded, had objection been taken to such illegal parts alone. But some parts of each were competent. The objections being taken to the entire testimony of each, including the legal as well as the illegal parts, without any attempt to separate the one from the other by specification, were properly overruled.

For the error of giving the charge requested by the defendant, the judgment is reversed, and the cause remanded.