# Cowen *v.* Eartherly Hardware Co.

### *Action on Account for Goods Sold and Delivered.*

1. *Admission as to facts in issue.*—In an action on an account, an admission by the parties that, if defendant is entitled to a certain credit claimed by him, then he is entitled to recover, and if not then plaintiffs are entitled to recover, dispenses with the necessity of any proof of the account, and leaves only the question of the sufficiency of the evidence to establish the credit claimed.

2. *Set-off, or payment; partnership and individual demands*—In an action by a partnership on an account for goods sold and delivered, the defendant can not claim a set-off for the price of a horse sold by him to one of the partners individually; nor is he entitled to claim it as a credit, or partial payment, because the partner so promised, when it is shown that the other partners repudiated his promise.

3. *General charge on evidence.*—When the plaintiff's claim is admitted, and the evidence adduced by the defendant would not authorize a verdict in his favor on the attempted defense, the court may instruct the jury, without hypothesis, to find for the plaintiff; and may, also, refuse to instruct them that, "if they do not believe the evidence, they must find for the defendant."

4. *Recalling jury; error without injury.*—The defendant can not complain of any error or irregularity on the part of the court below in recalling the jury and giving them additional instructions, when the record shows that the court might have instructed the jury, without hypothesis, to find for the plaintiff.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

Vol. 95.

This action was brought by the "Eartherly Hardware Company," a mercantile partnership doing business in Nashville, Tennessee, against J. W. Cowen; and was founded on an account for goods sold and delivered, each count claiming $62 as the balance due. The opinion states the only issue in the case, and all the evidence bearing on that issue. On all the evidence adduced, which the bill of exceptions purports to set out, the court charged the jury, on request, "that they should find for the plaintiff, if they believed the evidence, and assess the damages at $50, with interest;" to which charge the defendant excepted. The jury returned a verdict for the defendant; "whereupon the court told them that they were discharged, and that he would set aside the verdict; but, before they had retired ouside of the bar, the court called them back, told them that he would not receive the verdict, and would not discharge them, but would send them back to their room; and the court then stated to them that, under the written charge which had been given them, they could not do anything but return a verdict for plaintiff. To this charge, and to the action of the court in refusing to receive the verdict, and in sending the jury back, the defendant excepted;" and he also excepted to the refusal of the court to instruct the jury, on his request, "that they should find for the defendant, if they do not believe the evidence."

The assigments of error embrace all the rulings to which exceptions were reserved.

BROWN & STREET, for appellant.

LUSK & BELL, *contra.*

STONE, C. J.—This suit was founded on an account for merchandise sold and delivered by Eartherly Hardware Company, a mercantile copartnership. The bill of exceptions affirms that, if the defendant was not entitled to credit on this account, for a certain mare which he let Harry Jones, one of the plaintiffs, have, "the plaintiffs were entitled to recover; but, if defendant was entitled to this credit, then defendant was entitled to recover." Under this admission, the plaintiffs were relieved of all duty to make out their case, or to make any proof. The burden was cast on the defendant to prove his defense; and if he offered no testimony, or insufficient testimony to establish his defense, the verdict and judgment should have been for plaintiffs. So, the legality and sufficiency of defendant's testimony were the only inquiries raised on the trial.

[Cowen v. Eartherly Hardware Co.]

Plaintiffs were wholesale merchants of Nashville, Tennessee, and Jones, a member of the firm, was their travelling salesman for Alabama. He was in the habit of visiting defendant at his place of business in Alabama, and frequently sold him bills of goods, though sometimes he did not. On one of his visits he purchased the mare in controversy, at the agreed price of fifty dollars, but did not pay for her. He has never paid for her. The purchase was made while the firm was in active business, hardware being its line of trade. There was no proof that it dealt in any thing else. The sole question in this case is, whether the fifty dollars, unpaid price of the mare, is a payment on, or discount from the account of Cowen, the defendant, contracted with plaintiffs in the purchase of hardware. Cowen's account of the transaction, given in his testimony, was in substance, "that in August, or September, 1886, he let Jones have a mare, for which he was to give him a credit of $50.00 on his account with the Eartherly Hardware Company ; . . that Jones was at defendant's home when he got the mare. Jones was travelling and selling goods for the house, and defendant thought he bought a bill of goods from him at the time. On further examination he said, he did not remember buying goods at the time. Jones tried the mare to his buggy, to see if she would work. He said he wanted her for his wife. . . When in the country, off the railroad, Jones usually travelled in conveyance drawn by horses." The purchase, its agreed price, and non-payment of it, were also shown by the admissions of Jones ; but he added, "There was no positive agreement whether the amount I agreed to pay, fifty dollars, was to be credited to his account or not." These admissions were made after the dissolution of the firm, but they went in evidence to the jury without objection. Jones was willing and anxious that the credit should be allowed. There was no testimony that the partnership authorized the purchase, or agreed to ratify it, as made on partnership account. The testimony of Eartherly was that the firm refused to allow the claim as a payment. See *Manning v. Maroney*, 87 Ala. 563.

It is not contended that, as a mere cross-demand against one member of the firm, defendant's claim could avail as a set-off against a partnership demand. Such contention, if made, has too often been disallowed by this court to require further notice.—*Watts v. Sayre*, 76 Ala. 397, and authorities cited.

The question then is, whether there was any testimony tending to prove an agreement to receive the agreed price

of the mare as a payment or discount of and from the claim sued on? If there was such testimony, then its weight and sufficiency were necessarily questions for the jury, and could not be passed on by the court. The testimony of Cowen, the defendant, was more favorable to his view than that of the other witnesses. Did it raise an inquiry that should have been submitted to the jury? If *White v. Toles*, 7 Ala. 569, were now recognized as authority, this question would have to be answered in the affirmative. In *Cannon v. Lindsey*, 85 Ala. 198, that case was overruled. It was there said: "One member of a partnership, whether existing or dissolved, can not appropriate the assets of the firm by transferring them in satisfaction of his individual debt to such transferree, without the authority or consent of the other members of the firm. Such transaction is considered a fraud on the other partners, and the title to the joint fund or property is not devested in favor of the separate creditor, whether he knew it to be partnership property or not. 'In short,' as said by Judge Story in a leading case on this subject, 'his right depends, not upon his knowledge that it was partnership property, but upon the fact whether the other partners had assented to such disposition or not.' " Many authorities were cited in support of this principle. In reference to *White v. Toles, supra*, it was said, that if not distinguishable from the one before the court, it was "opposed to many other decisions of this court, and (was) wrong in principle." To the same effect are *Pierce v. Pass*, 1 Por. 232; *Halstead v. Shepard*, 23 Ala. 558; *Saltmarsh v. Bower*, 34 Ala. 613; *Humes v. O'Bryan*, 74 Ala. 64; *Davis v. Blackwell*, 5 Bradw. (Ill.) 32; *Thompson v. Howard*, 2 Ind. 245; *Selden v. Bank of Com.*, 3 Minn. 166; *Livingston v. Roosevelt*, 4 Johns. 251.

If the rule were such that one dealing with an individual partner, in ignorance that he was employing partnership effects for individual purposes, would be protected, that would not help the present appellant. He himself testified that Jones informed him that he was purchasing the mare for his wife's use. This was notice that the purchase was not made for the use of the partnership.

We need not inquire whether Jones' deposition was rightly suppressed. It is copied in the record, and contains nothing which could have benefited Cown. It is not error to reject immaterial testimony.

Interpreting the testimony with the most liberal intendments in favor of the appellant, it contains nothing from which the jury, under proper instructions, could have found

a verdict for the defendant. The plaintiffs' claim being admitted, and the sole question being whether the defense was made good, it would not have been error if the trial court had instructed the jury, without hypothesis, to find for the plaintiffs. Nor should the court have instructed the jury, as requested, that "if they did not believe the evidence, they should find for the defendant." All the testimony given or offered was defensive in its object, and not believing it was to leave the defense wholly unsupported.

Having ascertained that the court would have committed no error if the general instruction to find for the plaintiffs had been given without hypothesis, it follows that any error that may have been committed was harmless. And this principle applies to any irregularity that may have been fallen into in recalling and re-instructing the jury. It was at most error without injury.—*Crutcher v. M. & C. R. R. Co.,* 38 Ala. 579; 3 Brick. Dig. 405, § 20.

Affirmed.