# Boykin *v.* Persons.

### *Action on Common Money Counts.*

1. *Partnership and individual demands.*—In an action by the assignee of an account in favor of a partnership, the defendant can not set off a debt due to him by each of the partners individually; as where he paid a debt for which he and one of the partners were equally liable as former partners, and the other partner, on buying out his interest in the former partnership, assumed to pay his half of that debt.

2. *Appropriation of partnership assets in payment of partner's individual debt.*—One partner can not, without the authority or consent of the other, appropriate the partnership assets to the payment of his individual debt, as by agreeing to let his creditor take up partnership goods in payment *pro tanto.*

3. *Amendment of bill of particulars.*—In an action on an account for goods sold and delivered, a bill of particulars being furnished on demand, in which the account is made out in the name of plaintiff individually; if the complaint is then amended by averring that plaintiff sues as assignee of two successive partnerships with whom the account was contracted, a corresponding amendment may be made in the heading of the bill of particulars.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by F. S. Persons against F. S. Boykin. The original complaint contained only the common counts, each claiming $80, for goods sold and delivered, money loaned, &c. The defendant pleaded, in short by consent, the general issue, payment, and set-off. A bill of particulars was furnished on demand of the defendant, in which the account sued on was made out in the name of plaintiff individually, the items specified aggregating $80. On the trial, the evidence showing that the goods were sold to the defendant by two successive firms, Johnson & Walker, and Johnson & Persons, who were engaged in business as druggists in the city of Montgomery, the plaintiff was allowed to amend his complaint by averring that fact, and that he sued as assignee of both firms; and he was also allowed, against the objection and exception of the defendant, to amend the heading of the account as set out in the bill of particulars by showing that it was contracted with said firms, and how much with each, the various items not being changed.

The evidence on the trial showed these facts: In 1885–6,

the defendant and one Walker were engaged in the drug business together under the partnership name of M. W. Walker & Co., being equal partners; and the partnership was indebted to Arthur Stewart in the sum of about $500, evidenced by note. The defendant sold out his interest in the partnership to J. F. Johnson, and Johnson assumed his half of the debt to Stewart. The debt to Stewart was afterwards "paid by the defendant at the request of said Johnson, and by agreement between them said Johnson was to repay the same to defendant, and was to permit him to take out as much of said debt as he conveniently could with said store." Afterwards, the defendant contracted with said partnership the account here sued on, which, on the 28th October, 1887, amounted to $67.70. On that day the plaintiff bought out the interest of Walker in the partnership and its assets, including their account against the defendant. A new partnership was then formed under the name of Johnson & Persons, and defendant contracted with them a debt for $12.30. Afterwards, plaintiff bought out Johnson's interest in the notes, accounts, and other assets of the firm; and he then sued on the account as the assignee of each partnership. The defendant relied on these facts under the pleas of payment and set-off, no part of the debt to Stewart having been repaid to him.

On these facts, the court charged the jury: (1.) "If only one of the firm of Johnson & Walker made an agreement with the defendant that he should pay the Stewart note and hold the same as a partnership claim against the firm of Johnson & Walker, and thereupon defendant paid off said note, he would not be entitled to claim such payment as a partnership indebtedness of Johnson & Walker; that to make such indebtedness a partnership debt, it would be necessary that both of the partners should have entered into the arrangement with the defendant." (2.) "If only one of the partners of Johnson & Walker made an agreement with the defendant that he might take goods from the store in payment of what Johnson owed or would owe him on account of the Stewart note, such arrangement would not authorize defendant to set off the account for goods against his claim for payment of said note." (3.) "Although each one of the partners of Johnson & Walker was indebted individually to defendant in a greater sum than the amount claimed in this suit, and although they were equally interested in the business of the firm, and although the same was true of the firm of Johnson & Persons; yet defendant could not set off the liability claimed in this action, or any part thereof,

with the indebtedness due to him from either or both of said partners."

The several rulings to which exceptions were reserved are assigned as error.

DAVID T. BLAKEY, for appellant.

A. A. WILEY, *contra.*

WALKER, J.—The debt due to Stewart was contracted by the firm of M. W. Walker & Co., which was composed of M. W. Walker and the appellant's intestate, each of them having an equal interest in the partnership. The appellant's intestate sold his interest to Johnson, who agreed to assume half of the indebtedness of Walker & Co. to Stewart. The debt was paid by the appellant's intestate. For one half of the amount paid he was entitled to a charge against his former partner, Walker, on a settlement between them of their former partnership accounts. This was an individual equitable claim against Walker, his former partner, growing out of their relations and liability as partners. With this claim Johnson had no concern. As to the other half of the amount paid by the appellant's intestate on the Stewart debt, he was entitled to look to Johnson for reimbursement, because of the latter's contract with him to pay half of that debt. This was an individual liability of Johnson's, with which Walker was not concerned. The result, then, of the payment of the Stewart debt by the appellant's intestate was, that he acquired a claim against Walker because of their equal liability as partners in the firm which contracted that debt, and a wholly separate claim against Johnson, based upon the latter's contract with him individually to pay half of the Stewart debt. These were separate individual liabilities of the two persons who composed the new firm of Johnson & Walker, but in no sense did the two claims together constitute a partnership liability of that firm. The two claims were wholly distinct.

The account against the appellant's intestate for goods sold to him by Johnson & Walker was a partnership demand. Against that demand, in the hands of the appellee as assignee, the individual debts due from Johnson and Walker respectively to the appellant's intestate could not be set off, because of a want of mutuality between the demand sued on and those offered to be set off against it. Nor could Johnson, without the authority or consent of Walker, appropriate the assets of the firm to the payment of the

[Hood v. Blair.]

former's individual debt to the appellant's intestate.—*Cannon v. Lindsey,* 85 Ala. 198; *Watts v. Sayre,* 76 Ala. 397; *Clark v. Taylor,* 68 Ala. 453. There was no error in the rulings of the court upon these questions. There was no evidence of any demand in favor of the appellant's intestate against the appellee.

The bill of particulars originally furnished to the defendant was in the form of two accounts against him in favor of the plaintiff. The amendment to the complaint informed the defendant that he was sued on two accounts; one for goods, wares and merchandise sold to him by Johnson & Walker, the other for goods, wares and merchandise sold to him by the late firm of Johnson & Persons; and that plaintiff sued as transferree of both accounts. The bill of particulars was amended simply by making the accounts in favor of the firms with which they were contracted, instead of with the plaintiff personally. There was no change in the list of the items composing the accounts. As they were originally furnished to the defendant, they correctly gave him the information to which he was entitled in response to his demand for a bill of particulars. The bill of particulars had served its purpose when it supplied the defendant with a list of the items composing the accounts.—Code, § 2670. In view of the averments of the amendment to the complaint, a change in the bill of particulars, by merely making the account stand in the name of the firms with which they were originally contracted, instead of in the name of the plaintiff, who claimed them as transferree, could not have involved any injury to the defendant.

Affirmed.