[Drennen v. Gilmore Brothers.]

# Drennen *v.* Gilmore Brothers.

*Action on the Common Counts.*

[Decided Dec. 20th, 1901.]

1. *Set-off; when available.*—A set-off, to be available, must be owned by the party asserting it at the time of the commencement of the suit.

2. *Same; mutuality.*—In order to sustain a set-off the debts must be mutual, and the demands must be subsisting causes of action at the time of the commencement of the suit.

3. *Same; partnership; Code, sections 40, 3878.*—Where one is sued individually for the collection of a debt owing by a partnership of which he is a member, he can not plea as a set-off a debt the plaintiffs owed the firm, without pleading and proving that he was the owner of such debt at the time of the commencement of the suit. (Citing Code, §§ 40, 3878.)

4. *Set-off; statutes conferring, how construed.*—A right of set-off did not exist at common law, but is a creature of statute, and the statute cannot be construed to meet cases not specially included within its terms.

APPEAL from Birmingham City Court.

Tried before Hon. CHAS. A. SENN.

Gilmore Brothers sued W. M. Drennen on the common counts for $500 alleged to have been due on June 30th, 1894. A special count was also added claiming the same sum of money for money had and received to plaintiffs' use by Drennen & Company, a partnership of which defendant was alleged to have been a member. Demurrers were sustained to certain pleas of set-off, which set up a demand for $586.75 in favor of Drennen & Company against the plaintiffs, due November 1st, 1893, which pleas failed to show that the cross-demand was owned by defendant at the time of the institution of the suit (April 25th, 1895).

The trial was had on issue joined on a plea of the general issue.

[Drennen v. Gilmore Brothers.]

The evidence showed that on June 30th, 1893, Drennen & Company (of which partnership defendant was a member) received from plaintiffs a certain draft for collection, due four months after date, which they collected, and failed to pay the proceeds to plaintiffs. It was further shown that plaintiffs became indebted to Drennen & Company in the sum of $586.75, due November 1st, 1893, which debt had not been paid.

From a judgment for plaintiffs for $790, rendered by the court without a jury, defendant appeals.

E. J. SMYER, for appellant, cited Code, § 3731; *Doneldson v. Posey,* 13 Ala. 769; *McGowan v. Sprague,* 23 Ala. 524; *Chambers v. Crook,* 42 Ala. 171; *Shields v. Sheffield,* 79 Ala. 91.

JAMES E. WEBB, *contra,* cited *Bradley Fertilizer Co. v. Pollak,* 104 Ala. 402; 3 Brick. Dig., 741, § 52; *Lawton v. Ricketts,* 104 Ala. 430; *Jones v. Blair,* 57 Ala. 457; *Alexander Bros v. Jones,* 90 Ala. 474; *Duramus v. Harrison,* 26 Ala. 326; *Hall v. Cook,* 69 Ala. 87; *Clark v. Jones,* 87 Ala. 474; *Bowen v. Snell,* 11 Ala. 379; *Gildersleeve v. Carraway,* 19 Ala. 246; *Adams v. McGraw,* 2 Ala. 675; *McKinley v. Winston,* 19 Ala. 301; *Johnston v. King,* 20 Ala. 270.

HARALSON, J.—It is neither pleaded nor shown, that the set-off attempted, existed in defendant's favor, as a claim owned by him individually, at the time of the institution of this suit. For aught appearing, he could not at that time have successfully maintained an action on it in his own name and for his own benefit. "A set-off, to be available, must be owned by defendant in absolute right, at the time suit is brought. It is not enough that, together with another partner, the defendant owns the claim. It must be such demand as that he, in his own name, or in the names of defendants sued, without bringing in the name of a stranger to the suit may maintain an action of debt or *indebitatus assumpsit* upon it, against the party, or all the parties suing, as the case may be. Less than that is not mutuality. Ownership at the time of suit brought is of the

very essence of the right."—*Jones v. Blair*, 57 Ala. 457; *Wood v. Houston*, 68 Ala. 436; *Manning v. Maroney*, 87 Ala. 563.

In order to sustain a set-off under the statute, the debts must be mutual, and the demands must be subsisting causes of action, such as will give to the plaintiff and defendant a simultaneous cause of action, the one against the other, at the time the suit is brought.—*St. Louis & T. R. P. Co. v. McPeters*, 124 Ala. 455; *Lawton v. Ricketts*, 104 Ala. 430; Waterman on Set-Off, § 25.

Section 40 of the Code, existing substantially, since 1818, and carried into the Code of 1852, provides for the *several* as well as joint liability of two or more persons associated together as partners, and that any one of the associates, or his legal representative, may be sued for the obligation of all.—Clay's Dig., 323; Code of 1852, 2142.

Section 3878 provides, that "Mutual debts, liquidated or unliquidated demands not sounding in damages merely, subsisting between the parties, at the commencement of the suit, may be set off one against the other by the defendant or his personal representative, whether the legal title be in the defendant or not," etc.

The debt of Drennen & Co. to plaintiffs, for the collection of the draft by them for $500 belonging to plaintiffs, and left by plaintiffs with them for collection, was, under the statute, the individual debt of the defendant, W. M. Drennen, who was a member of that partnership, and for which he was personally liable, just as much so, as if his partnership had not existed, and he had personally collected said draft. When sued individually on this debt by plaintiffs,—as they were authorized by statute to proceed against him,—he attempted to plead a debt the plaintiffs owed his firm, without pleading or proving that he was the owner of the set-off at the time the suit was commenced. This he could not do. The debts were not mutual, for the reason that plaintiffs owned the debt sued on, and Drennen & Co. owned the set-off. A right of set-off, to diminish or defeat a recovery, did not exist at common law, but is a creature of the statute, under which it does not exist, unless, as has

been stated, the plaintiff and defendant have subsisting causes of action, such as will give them simultaneous right to sue, the one against the other, at the time the suit is brought.—*Authorities supra*.

If the rule invoked is a harsh one, as contended by the appellant, the reply is, that he has no statutory right to plead the set-off, and must stand where he stood, without any statute on the subject. The statute cannot be construed to meet cases not specially included within its terms. Our own adjudications heretofore substantially settle the case.—*Pierce v. Bass*, 1 Port. 232; *Von Pheel v. Connally*, 9 Port. 452; *Hoyt v. Murphy*, 18 Ala. 316; *Duramus v. Harrison*, 26 Ala. 326; *Evans v. Sims*, 37 Ala. 710; *Fancher v. Bibb F. Co.*, 80 Ala. 484; *Cannon v. Lindsay*, 85 Ala. 198; *Bradley F. Co. v. Pollock*, 104 Ala. 402.

The plaintiffs did not claim interest further than from June 30th, 1894, a period of six years and seven months from that date to January 30, 1901, the date of the judgment. The debt and interest to that date amounted to $763.33, for which amount the judgment should have been rendered, instead of for $790 as found by the judge. The judgment will be corrected so as to make it for $763.33, and as corrected, it will be affirmed.

Corrected and affirmed.