[Gossett, et al. v. Morrow.]


# Gossett, *et al. v.* Morrow.

### *Detinue.*

(Decided April 4, 1912.   58 South. 799.)

1. *Evidence; First and Secondary; Predicate.*—Where one seeks to introduce secondary evidence of the execution and contents of a document, he is required first to reasonably convince the court that the original has been lost or destroyed, or is beyond the reach of the court's process, by proving that a diligent search has been made for it in a place where it is most likely to be found, and that the search has been unsuccessful.

2. *Same.*—Evidence that the last known custodian of a paper had been unable to find it, after making a careful search for it in the place where it was last shown to be, and at other places where it might possibly have been left, together with the testimony of several other witnesses tending to show that the paper had been lost, was sufficient to justify secondary evidence of the paper, especially in the absence of a showing that there was a motive for withholding it.

3. *Witnesses; Contradiction.*—Where the action was to recover certain personal property under a bill of sale given by B, and the defendant claimed that the property belonged to a firm, and that B, though a member of the firm, had no authority to make a bill of sale for it, for an individual debt, and the other member of the firm testified that at the time the bill of sale was executed, he did not know of B's whereabouts, and could not find him, so much of B's answer to a question asked him in rebuttal as to where he was when the bill of sale was made, as stated that he was in jail in Birmingham, was admissible for the purpose of contradicting A, but his further statement that A had him arrested, was improper as not responsible.

4. *Partnership; Firm Assets; Debts of Partner; Knowledge of Transferee.*—One member of a partnership cannot appropriate assets of a firm by transferring them in satisfaction of or to secure his individual debt, without the consent or authority of the other members of the firm, whether or not the transferee knows that it is partnership property that is so dealt with.

APPEAL from Blount Circuit Court.

Heard before Hon. JOHN W. INZER.

Detinue by Mrs. C. W. Morrow against Frank Gossett and others.   Judgment for plaintiff, and defendants appeal.   Reversed and remanded.

The following charges were refused to the defendant:
(5) "The court charges the jury that, if they find that
the boiler sued for was the property of a partnership
composed of Addington & Brown, at the time the mort-
gage to plaintiff was executed, and also at the time the
sale to Dr. Morris was made, if such sale was made, and
was not subject to the mortgage to plaintiff, then the
jury should not find a verdict for plaintiff for said
boiler." (7) "The court charges the jury that, if they
find from the evidence that there was a partnership
composed of Addington & Brown, and that the property
sued for was the property of said partnership, and that
the property sued for was the property of said partner-
ship at the time the mortgage under which plaintiff
claimed title was executed, the jury should find a ver-
dict for the defendant." (12) "The court charges the
jury that, if they find from the evidence that the prop-
erty sued for was the property of a partnership com-
posed of Addington & Brown at the time the mortgage
introduced in evidence by plaintiff under which plain-
tiff claims title was executed, the verdict of the jury
should be for the defendant."

JOHN H. MILLER, H. K. WHITE, and AMOS E. GOOD-
HUE, for appellant. Counsel discuss the errors as-
signed, but without citation of authority.

BILBRO & STEELE, for appellee. No brief reached the
Reporter.

WALKER, P. J.—The claim of the plaintiff (the ap-
pellee here) to the property sued for was based upon a
mortgage, claimed to have been made to her by one J. E.
Brown to secure his individual debt. The contention
of the defendants, on the other hand, was that the prop-

erty had belonged, not to Brown individually, but to a partnership of which he was a member; and their claim to it was derived through an alleged sale of it by that partnership, through one Addington, the other member of the firm, in satisfaction of a partnership obligation.

The original of the mortgage under which the plaintiff claimed was not produced, and, over objections interposed by the defendants, she was permitted to introduce secondary evidence to prove its execution and contents. The principal ground of the objection was the alleged insufficiency of the preliminary proof of the loss of the document in question. The party seeking the benefit of secondary evidence of the execution and contents of a document is required reasonably to convince the court that the original has been destroyed, is lost, or is beyond the reach of the court's process. Where a loss of the paper is suggested as the excuse for not producing it, proof is required that a diligent search has been made for it in the place where it was most likely to be found, and that the search has not been successful. As to the sufficiency of the showing made in this connection, much is left to the discretion of the trial court.

In the present case the last-known custodian of the paper was examined as a witness, and testified to his inability to find the paper, though he made careful search for it at the place at which it was last known to be, and at other places where it might possibly have been left. The testimony of several other witnesses tended to show that the paper had been lost. In view of such evidence, and of the absence of any showing that there was a motive for withholding the paper, it cannot be said that the court was in error in holding that a sufficient preliminary showing was made to let in secondary evidence.—

*Jernigan v. State,* 81 Ala. 58, 1 South. 72; Jones on Evidence, § 213.

The defendants offered evidence tending to support their contention as above mentioned. They introduced the bill of sale through which they claimed title to the property sued for. On the examination of J. E. Brown as a witness for the plaintiff in rebuttal, in reply to a question asked him by plaintiff's counsel, as to where he was when that bill of sale was made, to which question the defendants objected, he said: "I was in jail there in Birmingham. Addington had me arrested." The defendants objected to each statement in this answer, and moved to exclude from the jury the statement of the witness that Addington had him arrested. Exception was reserved to the action of the court in overruling this motion. The only legitimate purpose the question could have had was to elicit evidence having a tendency to rebut the statement that had been made by Addington in the course of his examination as a witness for the defendants, to the effect that at the time that bill of sale was made he did not know where Brown was, and could not find him. It was permissible to rebut his testimony to this effect by showing that he did at that time know where Brown was. But the circumstance that that witness had caused Brown to be arrested had no bearing on any issue in the case, nor was that part of the answer responsive to the question, and the statement of Brown to that effect should have been excluded.

The evidence for the plaintiff tended to show that the property covered by the mortgage, which she claimed that Brown made to her to secure his individual debt, belonged to him at the time that mortgage was executed. There was other evidence in the case from which the jury would have been authorized to find that at the time that

mortgage was executed either all or a part of the proprty embraced in it belonged to a partnership composed of Brown and Addington. There was no evidence tending to show that Addington consented to Brown's mortgaging the firm property to secure his individual debt. One member of a partnership cannot appropriate the assets of the firm by transferring them in satisfaction of or as security for his individual debt, without the authority or consent of the other members of the firm, whether or not the transferee knows that it is partnership property that is so dealt with.—*Cannon v. Lindsey,* 85 Ala. 198, 3 South. 676, 7 Am. St. Rep. 38; *Cowen v. Eartherly Hardware Co.,* 95 Ala. 324, 11 South. 195. This rule of law was applicable under some of the phases of the evidence in the case, and it entitled the defendants to the instructions embodied in charges 5, 7, and 12, requested by them; there being evidence tending to prove each of the states of fact hypothesized in those charges. The court was in error in refusing to give those charges.

Reversed and remanded.