(124 So. 417)

**WHITE et al. v. HARALSON.**   (7 Div. 874.)

Supreme Court of Alabama.   Nov. 7, 1929.

Chas. J. Scott, of Ft. Payne, for appellants.

Lee S. Baker, of Ft. Payne, for appellee.

BROWN, J.   Action on a promissory note. On a former appeal to the Court of Appeals, a judgment in favor of appellant was reversed for failure of the proof to sustain the defendants' pleas.   Haralson v. Vaughn et al., 22 Ala. App. 672, 112 So. 922.

The defense invoked by the defendant's pleas 3 and 4 on the second trial was that the appellants were discharged by reason of the plaintiff's failure to bring suit against the principal debtor, after notice given under the provisions of section 9555 of the Code, which provides that "a surety upon any contract for the payment of money, or for the delivery or payment of personal property, may require *the creditor, or any one having the beneficial interest in the contract* by notice in writing to bring suit thereon against the principal debtor, or against any cosurety to such contract; and if suit is not brought thereon, pursuant to such notice, to the first session of the court to which suit can be brought after the receipt of such notice, and prosecuted with diligence according to the ordinary course of law, the surety giving such notice is discharged from all liability, as surety, or his aliquot proportion of the debt, as the case may be; and one surety may give the notice in behalf of his cosureties."   (Italics supplied.)

The clear prescription of the statute is that the notice must be given to the creditor, or one

190

having a beneficial interest in the contract, and the right to sue thereon in his name. Code, § 5699.

■ There is no evidence to sustain the averments of plea 3, which avers that the notice was given to the plaintiff, and there was a failure of proof to sustain the averments of defendant's plea 4, which avers "that they [defendant] notified *I. M. Presley attorney who represented Mrs. O. A. Haralson as attorney for the collection* of the note here sued on, and who then and there had said note in his possession for collection." (Italics supplied.) After demurrer overruled, the plaintiff took issue on this plea. The most that the evidence shows is that the defendant White had "some communication with Mr. I. M. Presley concerning the note," and that he "told him in a letter to go ahead and make his money. I certainly told him to bring suit against I. D. Vaughn. I put the letter in the mail box, with stamp on it, addressed to Mr. I. M. Presley, Ft. Payne, Alabama; * * * that was in the spring of 1923."

■ There is nothing in this evidence to show that the Presley communicated with was an attorney representing Mrs. Haralson as attorney for the collection of the note. It is urged, however, that the court should take judicial notice of the fact that the person referred to as "Mr. I. M. Presley" was an attorney at law. We are not of opinion that this is a fact of which the court should take judicial knowledge, but, if this be conceded, it is certain that the court would not take judicial knowledge that the named person was the same as plaintiff's attorney.

■■ The plaintiff having made a prima facie case by the introduction of the note, and the defendants having failed to prove either of their special pleas, the affirmative charge, requested in writing, was given without error. Nor will reversible error be predicated on the oral remarks of the trial judge, after giving the affirmative charge. Cowen v. Eartherly Hardware Co., 95 Ala. 324, 11 So. 195.

The record being free from reversible error, the judgment is due to be affirmed; and it is so ordered.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.